Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
Daniel C. Callaway (State Bar No. 262675)
dcallaway@fbm.com
Winston Liaw (State Bar No. 273899)
wliaw@fbm.com
MaryJo Lopez-Oneal (State Bar No. 337163)
mlopezoneal@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TJTM TECHNOLOGIES, LLC, | Case No. 3:24-cv-01232-TLT |
| Plaintiff, | **NOTICE OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM IN SUPPORT** |
| vs. | |
| GOOGLE LLC, | Date: August 13, 2024 |
| Defendant. | Time: 2:00 p.m. |
| | Location: Courtroom 9, 19th Floor |
| | The Hon. Trina L. Thompson |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    Please take notice that on Tuesday, August 13, 2024 at 2:00 p.m. in the San Francisco

3    Courthouse, Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or the

4    next date available to the court, Defendant Google LLC ("Google") hereby moves this Court for

5    an Order.

6    Google moves this Court for an Order finding the asserted patent in this case, U.S. Patent

7    No. 8,958,853, invalid pursuant to 35 U.S.C. § 101 and dismissing this case with prejudice.  Such

8    an order is appropriate because (i) the patent claims an unpatentable abstract idea, (ii) the claims

9    do not contain any inventive concept, and (iii) amendment would be futile because the patent says

10   what it says.

11   Google also moves this Court for an Order dismissing Plaintiff's indirect and willful

12   infringement claims for failure to state a claim.  Such an order is appropriate because Plaintiff fails

13   to plead facts sufficient to support its indirect and willful infringement claims.

14   This motion is based on this Notice of Motion, Memorandum of Points and Authorities,

15   any supporting materials, and all other pleadings, papers, documents, and records on file with the

16   Court, and arguments and evidence that may be requested by the Court.

17   Dated:  April 29, 2024                 FARELLA BRAUN + MARTEL LLP

18

19                                         By:      _/s/ Winston Liaw_

20                                              Winston Liaw (State Bar No. 273899)
                                               Eugene Y. Mar (State Bar No. 227071)
21                                             Daniel C. Callaway (State Bar No. 262675)
                                               MaryJo Lopez-Oneal (State Bar No. 337163)
22                                             Farella Braun + Martel LLP
                                               One Bush Street, Suite 900
23                                             San Francisco, California 94104
                                               Telephone: (415) 954-4400
24                                             Facsimile: (415) 954-4480
                                               wliaw@fbm.com
25                                             emar@fbm.com
                                               dcallaway@fbm.com
26                                             mlopezoneal@fbm.com

27                                             Attorneys for Defendant GOOGLE LLC

28

DEFENDANT GOOGLE'S MOTION TO DISMISS
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

## <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ................................................................................................1

II. THE ASSERTED PATENT ...............................................................................1

III. LEGAL STANDARD .........................................................................................4

IV. ARGUMENT ......................................................................................................5

 A. The Claims Are Invalid Under Section 101 ...........................................5

  1. Independent Claim 1 is Invalid Under Section 101. ...................5

   a. *Alice* Step 1 – The Claim of the Asserted Patent Is Directed to the Abstract Idea of Screening Notifications. .............................5

    (1) The Plain Language of Each Limitation of Independent Claim 1 Demonstrates The Claim Is Directed to an Abstract Idea..................................6

    (2) The Specification Confirms That the Claimed Invention is Directed to the Abstract Idea of Screening Notifications ........................................8

    (3) The Federal Circuit and Other Courts Have Invalidated Similar Claims in Other Cases Directed to the Same or Similar Abstract Ideas...................................9

   b. *Alice* Step 2 – The Claim Only Recites Well-Known Concepts and Components and Does Not Contain An Inventive Concept ........................................13

  2. The Remaining Claims of the '853 Patent Are Also Invalid Under Section 101.............................................18

 B. Amendment Would Be Futile ..............................................................19

 C. Plaintiff's Indirect and Willful Infringement Claims Should Be Dismissed ..........20

V. CONCLUSION ................................................................................................22

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
    838 F.3d 1253 (Fed. Cir. 2016) .......................................................................4,15,19

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*
    573 U.S. 208 (2014) ...................................................................................... *passim*

*AlterG, Inc. v. Boost Treadmills LLC*,
    388 F. Supp. 3d 1133 (N.D. Cal. 2019) .....................................................................20

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................4

*Atos, LLC v. Allstate Ins. Co.*,
    2021 WL 6063963 (N.D. Ill. Dec. 22, 2021) .................................................5,8,12,13

*Automated Tracking Sols., LLC v. Coca-Cola Co.*,
    723 F. App'x 989 (Fed. Cir. 2018) ............................................................................18

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................4

*In re Board of Trustees of Leland Stanford Junior University*,
    991 F.3d 1245 (Fed. Cir. 2021) .................................................................................15

*BSG Tech LLC v. Buyseasons, Inc.*,
    899 F.3d 1281 (Fed. Cir. 2018) .................................................................................16

*Chamberlain Group, Inc. v. Techtronic Industries Co.*,
    935 F.3d 1341 (Fed. Cir. 2019) .............................................................................16,17

*ChargePoint, Inc. v. SemaConnect, Inc.*,
    920 F.3d 759 (Fed. Cir. 2019) ...............................................................................8,16

*Cisco Sys., Inc. v. Uniloc USA, Inc.*,
    386 F. Supp. 3d 1185 (N.D. Cal. 2019), *aff'd sub nom. Cisco Sys., Inc. v. Uniloc 2017 LLC*, 813 F. App'x 495 (Fed. Cir. 2020) .......................................................16

*Cisco Systems, Inc. v. Uniloc 2017 LLC*,
    813 Fed. App'x 495 (Fed. Cir. 2020) .....................................................................16,17

*Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
    776 F.3d 1343 (Fed. Cir. 2014) .................................................................................13

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT
    i

*Cyph, Inc. v. Zoom Video Commc'ns, Inc.,*
 642 F. Supp. 3d 1034 (N.D. Cal. 2022) ................................................................20

*Elec. Scripting Prod., Inc. v. HTC Am. Inc.,*
 2018 WL 1367324 (N.D. Cal. Mar. 16, 2018) ......................................................20

*Electric Power Group, LLC v. Alstrom S.A.,*
 830 F.3d 1350 (Fed. Cir. 2016) ............................................................................14

*Enfish, LLC v. Microsoft Corp.,*
 822 F.3d 1327 (Fed. Cir. 2016) ............................................................................13

*FairWarning IP, LLC v. Iatric Sys.,*
 839 F.3d 1089 (Fed. Cir. 2016) ............................................................................19

*Fast 101 PTY Ltd. v. Citigroup Inc.,*
 424 F. Supp. 3d 385 (D. Del. 2020), *aff'd*, 834 F. App'x 591 (Fed. Cir. 2020) .......18

*Flick Intelligence v. Niantic, Inc.,*
 No. 3:23-cv-02219-TLT, Dkt. 32 (N.D. Cal. Nov. 15, 2023) ...............................4,13

*Ginegar LLC v. Slack Techs., Inc.,*
 2022 WL 2064978 (N.D. Cal. June 8, 2022) ..........................................................7

*Google LLC v. Princeps Interface Techs. LLC,*
 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020) ......................................................21

*Google LLC v. Sonos, Inc.,*
 498 F. Supp. 3d 1138 (N.D. Cal. 2020) ................................................................19

*Haley IP, LLC v. Motive Techs., Inc.,*
 2023 WL 7003265 (N.D. Cal. Oct. 23, 2023) .........................................................5

*Illumina, Inc. v. BGI Genomics Co., Ltd.,*
 2020 WL 571030 (N.D. Cal. Feb. 5, 2020) ...........................................................21

*Int'l Bus. Machines Corp. v. Zillow Grp., Inc.,*
 50 F.4th 1371 (Fed. Cir. 2022) ..............................................................................8

*Intell. Ventures I LLC v. AT & T Mobility LLC,*
 235 F. Supp. 3d 577 (D. Del. 2016) .....................................................................10

*Intellectual Ventures I LLC v. Symantec Corp.,*
 838 F.3d 1307 (Fed. Cir. 2016) .....................................................................6,12,14

*Internet Patents Corp. v. Active Network, Inc.,*
 790 F.3d 1343 (Fed. Cir. 2015) .......................................................................14,19

*Inventor Holdings, LLC v. Gameloft, Inc.,*
 135 F. Supp. 3d 239 (D. Del. 2015) ......................................................................14

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS       ii
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

*In re Killian,*
  45 F.4th 1373 (Fed. Cir. 2022), *cert. denied sub nom. Killian v. Vidal*, 144 S.
  Ct. 100 (2023), *reh'g denied,* 144 S. Ct. 441 (2023) .................................................. 19

*Location Based Servs., LLC v. Niantic, Inc.,*
  295 F. Supp. 3d 1031 (N.D. Cal. 2017), *aff'd*, 742 F. App'x 506 (Fed. Cir.
  2018) ...................................................................................................................... 16

*Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.,*
  566 U.S. 66 (2012) ................................................................................................... 5

*MED-EL Elektromedizinische Gerate GES.M.B.H. v. Advanced Bionics, LLC,*
  657 F. Supp. 3d 604 (D. Del. 2023) ....................................................................... 16

*Papst Licensing GmbH & Co. KG v. Xilinx Inc.,*
  193 F. Supp. 3d 1069 (N.D. Cal. 2016), *aff'd*, 684 F. App'x 971 (Fed. Cir. 2017) ................... 19

*Realtime Data LLC v. Array Networks Inc.,*
  2023 WL 4924814 (Fed. Cir. Aug. 2, 2023), *cert. denied sub nom. Realtime
  Data LLC v. Fortinet, Inc.*, 144 S. Ct. 567 (2024) ................................................. 15

*RingCentral, Inc. v. Dialpad, Inc.,*
  372 F. Supp. 3d 988 (N.D. Cal. 2019) .................................................................... 15

*SAP Am., Inc. v. InvestPic, LLC,*
  898 F.3d 1161 (Fed. Cir. 2018) ................................................................................ 4

*Skillz Platform Inc. v. Aviagames Inc.,*
  2022 WL 783338 (N.D. Cal. Mar. 14, 2022) .......................................................... 20

*Smart Sys. Innovations, LLC v. Chicago Transit Auth.,*
  873 F.3d 1364 (Fed. Cir. 2017) .............................................................................. 15

*Solutran, Inc. v. Elavon, Inc.,*
  931 F.3d 1161 (Fed. Cir. 2019) ................................................................................ 4

*Thompson v. TCT Mobile, Inc.,*
  2020 WL 1531333 (D. Del. Mar. 31, 2020) ..................................................... *passim*

*In re TLI Communc'ns LLC Patent Litig.,*
  823 F.3d 607 (Fed. Cir. 2016) ................................................................................ 14

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC,*
  874 F.3d 1329 (Fed. Cir. 2017) .............................................................................. 17

*Validity, Inc. v. Project Bordeaux, Inc.,*
  No. 23-365-SRF, D.I. 36 (D. Del. Sep. 22, 2023) .................................................. 19

*Voter Verified, Inc. v. Election Systems & Software LLC,*
  887 F.3d 1376 (Fed. Cir. 2018) ................................................................................ 6

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

*W. Digital Techs., Inc. v. Viasat, Inc.*,
    2023 WL 7739816 (N.D. Cal. Nov. 15, 2023) ............................................................4

*Wireless Discovery LLC v. eHarmony, Inc.*,
    2023 WL 1778656 (D. Del. Feb. 6, 2023) ................................................................20

*Yu v. Apple Inc.*,
    1 F.4th 1040 (Fed. Cir. 2021) ....................................................................................4

*Zapfraud, Inc. v. FireEye, Inc.*,
    2020 WL 6822972 (D. Del. Nov. 20, 2020), *report and recommendation*
    *adopted*, 2021 WL 1138021 (D. Del. Mar. 25, 2021) ..............................................12

**FEDERAL STATUTES**

35 U.S.C. § 101 ................................................................................................... *passim*

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.  INTRODUCTION

3      Plaintiff TJTM Technologies, LLC's ("TJTM") complaint should be dismissed with

4 prejudice because the sole asserted patent, U.S. Patent No. 8,958,853 (the "'853 Patent" or

5 "Asserted Patent") is invalid under 35 U.S.C. § 101 ("Section 101").  The '853 Patent is directed

6 to the abstract idea of screening notifications.  The patent claims are drafted broadly and claim the

7 idea of screening notifications on a mobile device using conventional and generic computer

8 components like a processor and memory, and do not identify any technical solutions or

9 improvements.  Under *Alice v. CLS Bank* and its progeny, the '853 Patent is invalid under Section

10 101 and dismissal is warranted.

11      In addition, TJTM should not be permitted to amend its complaint because any such

12 amendment would be futile.  The claims and the specification of the '853 Patent are the key

13 determinators of whether a patent is invalid under Section 101, and the claims and specification

14 cannot be changed by amending a complaint.

15      TJTM's indirect and willful infringement claims should also be dismissed.  Its complaint

16 merely makes conclusory allegations regarding knowledge of the patent, required for both the

17 indirect and willful infringement claims, and entirely fails to plead direct infringement by another,

18 a requirement for indirect infringement.

19      For the reasons stated herein, Defendant Google LLC respectfully requests that the Court

20 find the '853 Patent to be invalid under Section 101 and dismiss TJTM's complaint with

21 prejudice.  Defendant Google LLC also respectfully requests that the Court also dismiss TJTM's

22 indirect and willful infringement claims.

23

## II.  THE ASSERTED PATENT

24      The '853 Patent claims priority to a provisional application filed on June 14, 2013 and is a

25 continuation of a non-provisional application filed on February 9, 2014.  Dkt. 1 at Ex. A ('853

26 Patent) at cover.  The Asserted Patent issued on February 17, 2015.  *Id.*  Its specification describes

27 the field of invention broadly as "relat[ing] generally to a mobile device including functionality for

28 suppressing user notifications of communications received by the mobile device and notifying the

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS          1
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

1   sender of the communication that the user is not receiving communications." *Id.* at 1:14-18.  The

2   Asserted Patent allegedly addresses the need "to limit user communication distractions without

3   forcing the user to power down a mobile device and miss essential communications." *Id.* at 1:32-

4   35.  The specification states that "[u]ser distraction caused by mobile devices has become a serious

5   problem in modern society" and that "[o]ne previous solution was to power down the mobile

6   device while driving, however, this is inconvenient and easy to forget to initiate." *Id.* at 1:22-30.

7       The '853 Patent then contends there is a need for "mechanisms to limit user

8   communication distractions without forcing the user to power down a mobile device and miss

9   essential communications."  Accordingly, its "disclosure provides a mobile device including

10   functionality for suppressing communications to a user and systems for verifying that a user was

11   not receiving communications during a particular period of time." *Id.* at 1:32-35, 1:51-54.  In one

12   embodiment in the specification, "a mobile device includes: a processor; and a memory including

13   instructions that when executed by the processor cause it to perform the steps of" entering inactive

14   mode if certain conditions are met and 1) providing notifications of communications if inactive

15   mode is not activated, and 2) suppressing notifications and sending an away message in response

16   to communications if inactive mode is activated.  *See id.* at 5:7-31.  According to the specification,

17   the inactive mode may be "activated by many different mechanisms," including by "the pairing of

18   the mobile device and a vehicle," using "a driving directions functionality of the mobile device,"

19   and "the mobile device detecting a particular location using GPS." *See id.* at 2:29-41.

20       The '853 Patent has nine claims.  *See id.* at 12:36-13:31.  Independent claim 1[1]—the only

21   independent claim—reads as follows:

22       **[1pre][2]** A mobile device, comprising:

23       **[1a]** a wireless communication module;

24

25   [1] TJTM filed suit against Google on February 29, 2024 alleging that Google infringes "the claims"
    of Patent No.8,958,853, entitled "Mobile Device Inactive Mode and Inactive Mode Verification"

26   (the "'853 Patent").  *See* Dkt. 1 at ¶ 35.  Despite the broad language of its allegations, the claim
    chart TJTM includes in its Complaint only references claim 1.  *See id.* at ¶ 37; *see generally* Dkt. 1

27   at Ex. A ('853 Patent).

28   [2] The bracketed labels for each claim element have been added for ease of reference.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS          2
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

**[1b]** a processor, controlling the wireless communication module; and

**[1c]** a memory controlled by the processor, the memory including instructions that when executed by the processor cause the processor to perform the steps of:

**[1d]** providing a graphical user interface through which a user customizes one or more functions of the mobile device when placed in an inactive mode;

**[1e]** receiving a user selection to automatically initiate the inactive mode in response to the pairing of the mobile device with a vehicle;

**[1f]** receiving a user selection of an away message to use when the mobile device is in inactive mode;

**[1g]** in response to the pairing of the mobile device and the vehicle, automatically initiating a process to place the mobile device in inactive mode;

**[1h]** when the mobile device is in inactive mode, in response to receiving a communication from the wireless communication module, transmitting the user selected away message via the wireless module and suppressing one or more sound, visual, or vibration communication cues that would have accompanied the communication had the mobile device not been in inactive mode.

Dependent **claim 2** adds an additional step to claim 1: when the mobile device is in inactive mode, in response to receiving the communication from the wireless communication module, suppressing all sound, visual, and vibration communication cues that would have accompanied the communication had the mobile device not been in inactive mode.

Dependent **claim 3** adds an additional step to claim 1: providing a notification of the communications upon completion of the inactive mode.

Dependent **claims 4-6** simply specifies the generic communication type received from the wireless communication module described in claim 1:

- Claim 4 – SMS message
- Claim 5 – email
- Claim 6 – cellular phone call

Dependent **claim 7** provides that the user selected away message described in **[1h]** is a user

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT          3

1    customized away message.

2        Dependent **claims 8 and 9** add an additional step to claim 1 that the device provide a

3    notification to a certification server when it is placed in inactive mode and when it exits inactive

4    mode.

5    III.    <u>**LEGAL STANDARD**</u>

6        To avoid dismissal under the *Twombly* and *Iqbal* standard, a complaint must plead

7    "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

8    550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009).  It is well-established that a

9    "district court may resolve the issue of patent eligibility under Section 101 by way of a motion to

10   dismiss." *Flick Intelligence v. Niantic, Inc.*, No. 3:23-cv-02219-TLT, Dkt. 32 at 4 (N.D. Cal. Nov.

11   15, 2023) (citations omitted); *see also SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed.

12   Cir. 2018) (explaining that "[l]ike other legal questions based on underlying facts," Section 101

13   eligibility "may be, and frequently has been, resolved on a Rule 12(b)(6) or (c) motion . . ."); *Yu v.*

14   *Apple Inc.*, 1 F.4th 1040, 1046 (Fed. Cir. 2021) (stating that patent eligibility "can be determined

15   at the Rule 12(b)(6) stage"); *W. Digital Techs., Inc. v. Viasat, Inc.*, 2023 WL 7739816, at *2 (N.D.

16   Cal. Nov. 15, 2023) (quotations omitted) (stating that "[t]he Federal Circuit has repeatedly

17   affirmed that patent eligibility under 35 U.S.C. § 101 may be properly determined at the motion to

18   dismiss stage, before claim construction or significant discovery has commenced.").

19       In determining patent ineligibility under 35 U.S.C. § 101, courts utilize the two-step

20   framework set forth in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l.* 573 U.S. 208, 216-18 (2014).  In

21   step one, the court must determine whether the claims are directed to an abstract idea.  *Id.* at 216.

22   That step focuses on "what the patent asserts to be the 'focus of the claimed advance over the prior

23   art.'" *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1168 (Fed. Cir. 2019) (quoting *Affinity Labs*

24   *of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016)).

25       If the claims are found to be abstract at step one, the court proceeds to step two to

26   determine whether the claims nonetheless include an "inventive concept."  Courts "consider the

27   elements of each claim both individually and 'as an ordered combination' to determine whether

28   the additional elements 'transform the nature of the claim' into a patent-eligible application."

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS       4
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

1   *Alice*, 573 U.S. at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S.

2   66, 78-79 (2012)).  Step two of the *Alice* framework is thus "a search for an 'inventive concept'–

3   i.e., an element or combination of elements that is 'sufficient to ensure that the patent in practice

4   amounts to significantly more than a patent upon the [ineligible concept] itself.'"  *Id.* at 217-18

5   (quoting *Mayo*, 566 U.S. at 72-73).  The claims must "do more than simply instruct the

6   practitioner to implement [an] abstract idea" using "generic computer functions."  *Id.*  at 225.

7   **IV.   ARGUMENT**

8         **A.   The Claims Are Invalid Under Section 101**

9               **1.   Independent Claim 1 is Invalid Under Section 101.**

10                    **a.   *Alice* Step 1 – The Claim of the Asserted Patent Is Directed to
                          the Abstract Idea of Screening Notifications.**

11

12         The Asserted Patent is directed to screening notifications, an abstract idea that has been

13   found patent-ineligible.  *See Thompson v. TCT Mobile, Inc.*, 2020 WL 1531333, at *1 (D. Del.

14   Mar. 31, 2020) ("As explained below, the Court finds that the asserted patent claims are directed

15   to the abstract idea of screening communications and the claims add no inventive concept that is

16   significantly more than the abstract idea itself[.]").  Specifically, the alleged invention of the '853

17   Patent disables cell phone notifications upon connection to a vehicle, claiming an abstract idea and

18   thus rendering the claims invalid.  *See Atos, LLC v. Allstate Ins. Co.*, 2021 WL 6063963, at *12

19   (N.D. Ill. Dec. 22, 2021) (finding claims "directed to the abstract idea of monitoring the motion or

20   state of a vehicle and taking an action in response" invalid).  In other words, the '853 Patent

21   automates disabling notifications, something that the '853 Patent acknowledges was previously

22   done manually by humans (*see* '853 Patent at 1:28-30 ("One previous solution was to power down

23   the mobile device while driving, however, this is inconvenient and easy to forget to initiate.")),

24   rendering the patent ineligible.  *See Haley IP, LLC v. Motive Techs., Inc.*, 2023 WL 7003265, at

25   *4 (N.D. Cal. Oct. 23, 2023) (finding patent ineligible because "[t]he improvements claimed in the

26   '261 patent" were "merely improvements in efficiency or speed by automating review of vehicle

27   camera images and driver behavior that was previously accomplished via human review.").  The

28   claims are directed to a generic computer implementation of longstanding, fundamental human

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS          5
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

1    activity that courts have found to be abstract, and recite results-based functional language as

2    opposed to specific improvements to communication technologies.

3                          **(1)    The Plain Language of Each Limitation of Independent
                                     Claim 1 Demonstrates The Claim Is Directed to an
4                                    Abstract Idea.**

5            Courts have consistently held that claims drawn to longstanding human activity are

6    directed to abstract ideas.  *See Alice*, 573 U.S. at 219 (intermediated settlement is an abstract idea

7    because it is a long prevalent, fundamental practice); *Voter Verified, Inc. v. Election Systems &*

8    *Software LLC*, 887 F.3d 1376, 1385 (Fed. Cir. 2018) (affirming grant of motion to dismiss under

9    Section 101 for a patent concerning a voting system because "[h]umans have performed this

10   fundamental activity . . . for hundreds of years."); *Intellectual Ventures I LLC v. Symantec Corp.*,

11   838 F.3d 1307, 1314 & n.5 (Fed. Cir. 2016) (collecting fundamental activities considered abstract

12   ideas in Supreme Court and Federal Circuit cases).

13           Here, the plain language of the claims, easily understandable and which do not need

14   construction, tracks the abstract idea of screening notifications.  After reciting generic hardware

15   components, a "wireless communication module" (element **[a]**), "processor" (element **[b]**), and

16   "memory" (element **[c]**), the claims of the '853 Patent recite the following steps:

17           1.       deciding whether to screen notifications (elements **[d]**, **[e]**),

18           2.       determining your "away" message (element **[f]**),

19           3.       disabling notifications (element **[g]**), and

20           4.       transmitting the away message (element **[h]**).

21           Individuals and organizations have long performed these steps.  A business executive

22   driving with their assistant could perform the claimed steps:

23           1.       Before entering the car, the executive hands their phone to their assistant and

24                    notifies the assistant that the executive should not be disturbed (elements **[d]**, **[e]**),

25           2.       The executive and/or assistant determine what response should be given to

26                    callers/visitors in the meantime (element **[f]**),

27           3.       When the executive and assistant enter the car, the assistant screens

28                    communications ensuring the executive is not disturbed (element **[g]**), and

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS          6
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

4.      The assistant gives the response to callers/visitors (element **[h]**).
*See Thompson*, 2020 WL 1531333, at *6 ("Furthermore, the Court agrees with Defendants that the real-world analogy of an assistant screening calls for a CEO shows that the claims are directed to the abstract idea of screening communications, and not to an improvement in technology."); *see also Ginegar LLC v. Slack Techs., Inc.*, 2022 WL 2064978, at *7 (N.D. Cal. June 8, 2022) ("Using rules to sort instant messages is an abstract idea, *akin to filtering emails*, and is also an activity that can be completed by humans.") (emphasis added).

In an example from classic literature, Sherlock Holmes sent a telegram to a murder suspect in Chapter 7 of the 1902 novel *The Hound of the Baskervilles*, but the telegram was delivered to the recipient's wife when she reported that the recipient was unavailable:

The postmaster, who was also the village grocer, had a clear recollection of the telegram.

*"Certainly, sir," said he, "I had the telegram delivered to Mr. Barrymore exactly as directed."*

*"Who delivered it?"*

*"My boy here. James, you delivered that telegram to Mr. Barrymore at the Hall last week, did you not?"*

*"Yes, father, I delivered it."*

*"Into his own hands?" I asked.*

*"Well, he was up in the loft at the time, so that I could not put it into his own hands, but I gave it into Mrs. Barrymore's hands, and she promised to deliver it at once."*

The following steps were performed in this example from Sherlock Holmes:

1.      Mr. Barrymore goes into the loft and becomes unavailable (elements **[d]**, **[e]**),

2.      Mrs. Barrymore decides what to tell messengers/visitors in the meantime (element **[f]**),

3.      When James arrives with the telegram for delivery, Mrs. Barrymore receives the telegram on behalf of Mr. Barrymore, ensuring he is not disturbed (element **[g]**), and

4.      Mrs. Barrymore tells James she will deliver it to Mr. Barrymore (element **[h]**).

The claims of the '853 Patent do not recite technical details regarding how to provide any

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS        7
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

user interface, automatically initiate any process, transmit a user selected away message, or suppress any communication cues.  Instead, the claims are written in functional terms, and merely recite performing these abstract activities on conventional hardware components; namely, on a "processor" that controls a "memory."  '853 Patent at claim 1; *see also Atos,* 2021 WL 6063963, at *9 ("And to be patentable, claims must consist of much more than the "mere automation of manual processes using generic computers.").  All of these steps could be performed by humans, further confirming their abstract nature.  *Id.* ("Additionally, to help determine whether a claim embodies an abstract idea, courts often consider whether the steps 'can be performed in the human mind, or by a human using pen and paper.'").  Indeed, these steps were performed hundreds, if not thousands, of years ago, for as long as humans could communicate.  Kings, for example, would have their servants screen notifications.  In this example:

1. The king decides they do not want to be disturbed and tells their servant they should not be bothered (elements **[d]**, **[e]**),

2. The king and/or servant determines what response should be given to messengers/visitors in the meantime (element **[f]**),

3. The servant screens communications ensuring the king is not disturbed (element **[g]**), and

4. The servant gives the response to messengers/visitors (element **[h]**).

The claims of the Asserted Patent thus recite "a process or system that qualifies [as] an abstract idea for which computers are invoked merely as a tool."  *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1377 (Fed. Cir. 2022).

### (2) The Specification Confirms That the Claimed Invention is Directed to the Abstract Idea of Screening Notifications

"While the § 101 inquiry must focus on the language of the Asserted Claims themselves, the specification may nonetheless be useful in illuminating whether the claims are directed to the identified abstract idea."  *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 767 (Fed. Cir. 2019) (internal citations and quotations omitted).  Here, the specification is replete with statements

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS          8
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

confirming that the '853 Patent claims are directed to the abstract idea of screening notifications. According to the '853 Patent, its subject matter "relates generally to a mobile device including functionality for suppressing user notifications of communications received by the mobile device and notifying the sender of the communication that the user is not receiving communications," matching claim 1. '853 Patent at 1:14-18. The '853 Patent's identified problem and purported solution also confirm that the claims are directed to the abstract idea of screening notifications. The '853 Patent notes that "[u]ser distraction caused by mobile devices has become a serious problem in modern society." *Id.* at 1:23-24; *see also id.* at 5:42-44 ("One objective of the invention is to increase driver safety by reducing mobile device communications as a source of distraction."). Accordingly, then, the '853 Patent states that "there is a need for a mobile device including functionality for suppressing communications to a user," again which is consistent with claim 1. *Id.* at 1:42-46.

The specification is also written almost entirely functionally, with no implementation details for how to perform the various steps of claim 1 to screen notifications, confirming the use of existing generic components and functionality. *See, e.g.*, '853 Patent at 12:25-28 ("Furthermore, various functions of the mobile device 100 may be implemented in hardware and/or in software, including in one or more signal processing and/or application specific integrated circuits."). For example, the specification states that "[p]roceeding to step 303, upon receiving notification of an incoming communication, the mobile device 100 may suppress normal user notification." *Id.* at 8:14-16. The specification then goes on to discuss *what* may be suppressed, like "ringing, vibration, and screen activation," but the specification never describes *how* to actually suppress notifications. *See id.* at 8:14-23.

      **(3)**  **The Federal Circuit and Other Courts Have Invalidated Similar Claims in Other Cases Directed to the Same or Similar Abstract Ideas.**

The Federal Circuit and other courts have previously found analogous claims abstract and ruled that they failed to pass muster under *Alice*.

For example, the court in *Thompson v. TCT Mobile, Inc.* recommended granting a motion to dismiss and found claims ineligible where they were directed to the "abstract idea of screening

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS  9
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

communications."  2020 WL 1531333 at *8; *see also Intell. Ventures I LLC v. AT & T Mobility LLC*, 235 F. Supp. 3d 577, 594 (D. Del. 2016) (finding claim "directed to the idea of screening SMS messages" patent ineligible).  Even more detailed than the claims of the '853 Patent here, the *Thompson* claims involved disabling notifications of certain messages on a mobile phone and optionally sending the caller to voicemail.  The table below compares claim 1 of the '853 Patent here with claim 1 of the '053 Patent in the *Thompson* case (2020 WL 1531333 at *1-2):

| '853 Patent | '053 Patent |
|---|---|
| 1. A mobile device, comprising: | 1. A method implemented within a mobile device for inhibiting the message notification of a particular message received at the mobile device, the method comprising the steps of: |
| a wireless communication module; | |
| a processor, controlling the wireless communication module; | |
| and a memory controlled by the processor, the memory including instructions that when executed by the processor cause the processor to perform the steps of: | |
| providing a graphical user interface through which a user customizes one or more functions of the mobile device when placed in an inactive mode; | receiving at least one exempt message characteristic, the at least one exempt message characteristic comprising information that identifies one or more telephone numbers as exempt message characteristics, the exempt message characteristics being received at the user interface of the mobile device wherein the mobile device includes the storage of a plurality of telephone numbers and the step of receiving information further comprises receiving a selection of one or more telephone numbers from the plurality of telephone numbers already stored within the mobile device; |
| receiving a user selection to automatically initiate the inactive mode in response to the pairing of the mobile device with a vehicle; | enabling a message reception notification inhibitor in response to detecting certain user actuations at the user interface, the message reception notification inhibitor being |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

10

| | |
|---|---|
| | implemented entirely within the mobile device, to be active such that message notifications for any messages received at the mobile device are by default inhibited; |
| receiving a user selection of an away message to use when the mobile device is in inactive mode; | |
| in response to the pairing of the mobile device and the vehicle, automatically initiating a process to place the mobile device in inactive mode; | while the message reception notification inhibitor is enabled: |
| when the mobile device is in inactive mode, in response to receiving a communication from the wireless communication module, transmitting the user selected away message via the wireless module and suppressing one or more sound, visual, or vibration communication cues that would have accompanied the communication had the mobile device not been in inactive mode. | receiving messages at the mobile device, the messages being directed to the mobile device and at least one such message comprising a voice call; and |
| | the mobile device examining the received message to determine if the received message includes the exempt message characteristic; |
| | the mobile device bypassing the message reception notification inhibitor and applying normal processing of the received message only if the exempt message characteristic is identified in the received message; and |
| | as a default, inhibiting the message reception notification for the received message if the exempt message characteristic is absent and the message is a voice call and sending the voice call to voice mail; and |
| | disabling the message reception notification inhibitor, implemented entirely within the mobile device such that normal processing of the received message is applied to all messages. |

Similar to the '853 Patent here, the patents in *Thompson* "explain[ed] that '[t]he object of the invention is a method for a Nighttime Mode for cellular phones,'" analogous to the 'inactive mode' claimed in the '828 Patent, "wherein the 'Nighttime Mode' is a selectable mode in which 'the phone remains silent' except for notifications from certain numbers that have been marked 'Nighttime Mode exempt.'" *Thompson*, 2020 WL 1531333, at *5. And like the '853 Patent here,

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS      11
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

the patents in *Thompson* were trying to address the problem of "leav[ing] the [cell phone] user open to being disturbed or awaken[ed] by calls or messages received during the nighttime that are not important," creating a "need for a method for a selectable Nighttime Mode that would stop notification of all incoming calls and messages, with the exception of those from a contact that have been predetermined as important (or Nighttime Mode exempt)." *Id.* The Court "agree[d] with Defendants that the real-world analogy of an assistant screening calls for a CEO shows that the claims are directed to the abstract idea of screening communications, and not to an improvement in technology." *Id.* at *6.

Similarly, the Federal Circuit's decision in *Intellectual Ventures I LLC v. Symantec Corp.*, cited by the court in *Thompson* as part of its step one *Alice* analysis, affirmed a district court's finding that two patents relating to processing email messages claimed the unpatentable abstract idea of screening emails. 838 F.3d at 1313-19 (affirming judgment that asserted claims "directed to filtering e-mails that have unwanted content" and "directed to a conventional business practice—the screening of messages by corporate organizations—in the context of electronic communications" were invalid under Section 101). Regarding the first patent, the Federal Circuit noted that "it was long-prevalent practice for people receiving paper mail to look at an envelope and discard certain letters, without opening them, from sources from which they did not wish to receive mail based on characteristics of the mail" and that the patent "merely applies a well-known idea using generic computers 'to the particular technological environment of the Internet.'" *Id.* at 1314. Regarding the second patent, the Federal Circuit agreed with the district court's analogy of the claims to a corporate mailroom, noting that mailrooms can perform actions like "gating the message for further review…and also releasing, deleting, returning, or forwarding the message," i.e., screening the message. *Id.* at 1317.

As yet another example, the court in *Atos*, found a claim directed toward "detecting the motion or state of a vehicle and taking a corresponding action," like claim 1's recitation of "in response to the pairing of the mobile device and the vehicle, automatically initiating a process to place the mobile device in inactive mode," to be an unpatentable abstract idea. 2021 WL 6063963 at *9; *see also Zapfraud, Inc. v. FireEye, Inc.*, 2020 WL 6822972, at *9 (D. Del. Nov. 20, 2020),

*report and recommendation adopted*, 2021 WL 1138021 (D. Del. Mar. 25, 2021) ("[T]he Court agrees with Defendants that claim 14 is directed to the abstract idea of 'identifying deceptive messages that appear to be from a trustworthy source and taking action accordingly.'").  Like the claim here, the claims at issue in *Atos* "never specifie[d] which type of 'portable device' is needed" and were "not a 'specific improvement to the way computers operate.'"  *Atos*, 2021 WL 6063963 at *10 (citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016)).  And like the claims here, the claims in *Atos* "make[] no improvements to any specific technology" and instead "propose[] using an alternative form of prior art," the wireless communication module, processor, and memory recited in the claim, "to evade the hassle and inefficiencies created by using other technology," mobile phones and vehicles.  *Id.* at *11.

The claims of the Asserted Patent in this case therefore offer nothing above and beyond similar claims that the Federal Circuit and other courts have repeatedly found patent-ineligible.

> **b.** ***Alice* Step 2 – The Claim Only Recites Well-Known Concepts and Components and Does Not Contain An Inventive Concept**

Because the Asserted Patent claims the abstract idea of screening notifications, the claims are invalid unless they embody an "inventive concept" under *Alice* step two.  *Alice*, 573 U.S. at 217-18.  As this Court has previously explained, "the inventive concept must be significantly more than the abstract idea itself, must be more than well-understood, routine, conventional activity, and cannot simply be an instruction to implement or apply the abstract idea on a computer."  *Flick Intelligence*, No. 23-cv-02219-TLT, Dkt. 32 at 14 (citations and quotations omitted) (cleaned up).  In this case, the recited limitations of the claims of the Asserted Patent do not amount to anything significantly more than the abstract idea itself, and the claimed components are well-known, routine, and conventional.

In the context of computer-implemented inventions, the Federal Circuit has explained that "for the role of a computer . . . to be deemed meaningful in the context of [*Alice* step two] analysis, it must involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'"  *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347-48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225).

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

13

For example, the Federal Circuit rejected the claims in *Electric Power Group, LLC v. Alstrom S.A.* at step two because "[n]othing in the claims, understood in light of the specification, requires anything other than off-the-shelf, conventional computer, network, and display technology for gathering, sending, and presenting the desired information."  830 F.3d 1350, 1355 (Fed. Cir. 2016).  Further, it "is well-settled that mere recitation of concrete, tangible components is insufficient to confer patent eligibility to an otherwise abstract idea."  *In re TLI Communc'ns LLC Patent Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016).

Here, each of the components recited in claim 1 of the '853 Patent is generic and well-known.  For example, the preamble of claim 1 only mentions a generic "mobile device" and provides no further inventive details about the device.  This is consistent with the patent's focus on screening notifications on existing mobile devices to reduce driver distraction.  *See Inventor Holdings, LLC v. Gameloft, Inc.*, 135 F. Supp. 3d 239, 253 (D. Del. 2015) (finding at *Alice* step 2 that asserted claims were "implemented using generic mobile device technology that existed well before the priority date."); *see also* '853 Patent at 1:22-46 (describing societal hazards stemming from user distraction by existing mobile devices).

Claim limitation [1a] recites "a wireless communication module" and does not provide any additional inventive details about this module.  The patent specification can be "particularly useful in determining what is well-known or conventional."  *Symantec Corp.*, 838 F.3d at 1317 (citing *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1348 (Fed. Cir. 2015)).  Here, the specification of the '853 Patent describes the "wireless communication subsystem 120" in generic terms—specifically, that it can take the shape of any number of preexisting technologies, "includ[ing] radio frequency receivers and transmitters and/or optical (e.g., infrared) receivers and transmitters."  '853 Patent at 7:8-10.  The specification describes the implementation of the wireless communication subsystem as being dictated by preexisting mobile networks: "[t]he specific design and implementation of the communication subsystem 120 can depend on the communication network(s) over which the mobile device 100 is intended to operate."  *Id.* at 7:10-13.  And "the mobile device 100 can include communication subsystems 120 designed to operate over a GSM network, a GPRS network, an EDGE network, a Wi-Fi or WiMax network, and a

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS          14
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

1   Bluetooth network." *Id.* at 7:13-16.  Again, all of these examples of mobile networks refer to

2   preexisting, well-known cellular communication technologies that were invented long before the

3   '853 Patent was filed, and the '853 Patent does not contend otherwise.  Therefore, the "wireless

4   communication module" is not an inventive concept that can save the eligibility of the claim.

5        As to limitation [1b], which adds a "processor," and limitation [1c], which recites a

6   "memory," both elements have been repeatedly recognized by the courts as generic hardware

7   limitations.  Indeed, the Federal Circuit stated it was "hard to imagine a patent claim that recites

8   hardware limitations in more generic terms" than "a computer system" with a "processor" and a

9   "memory."  *In re Board of Trustees of Leland Stanford Junior University*, 991 F.3d 1245, 1252

10  (Fed. Cir. 2021); *see also Smart Sys. Innovations, LLC v. Chicago Transit Auth.*, 873 F.3d 1364,

11  1374 (Fed. Cir. 2017) (internal quotations omitted) (cleaned up) (finding that claims teaching the

12  use of "processor," an "interface," "memory" and other similar concepts "merely required generic

13  computer implementation" of an abstract idea and therefore did "not move into section 101

14  eligibility territory"); *Realtime Data LLC v. Array Networks Inc.*, 2023 WL 4924814, at *12 (Fed.

15  Cir. Aug. 2, 2023), *cert. denied sub nom. Realtime Data LLC v. Fortinet, Inc.*, 144 S. Ct. 567

16  (2024) (stating that the plaintiff had failed "to explain how a 'data server,' 'processor,' and

17  'memory system' are anything but generic computer components[.]").

18       Likewise, limitation [1d] mentions a "graphical user interface" in a generic fashion that is

19  insufficient to save the Asserted Patent from being invalid for claiming an abstract idea.  *See*

20  *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1262 (Fed. Cir. 2016) ("The claim

21  simply recites the use of generic features of cellular telephones, such as a storage medium and a

22  graphical user interface, as well as routine functions, such as transmitting and receiving signals, to

23  implement the underlying idea…[t]hat is not enough.").  Indeed, courts in this district have

24  specifically found that implementing user-selectable handling of incoming calls on a ***"mobile***

25  ***device"*** with ***"user interfaces"*** is ***"not inventive"*** under step two of the *Alice* test.  *RingCentral,*

26  *Inc. v. Dialpad, Inc.*, 372 F. Supp. 3d 988, 1000 (N.D. Cal. 2019) (emphasis added).

27       For purposes of *Alice* step 2, limitations [1e] and [1g] can be considered together because

28  both relate to the claimed "inactive mode": [1e] "receiving a user selection to automatically

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS          15
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

1   *initiate the inactive mode*…" and [1g] "in response to the pairing of the mobile device and the

2   vehicle, automatically initiating a process to *place the mobile device in inactive mode*" (emphasis

3   added).  To the extent limitations [1e] and [1g] are directed to the "inactive mode" itself, they are

4   coextensive with the abstract idea of screening notifications, considered above in *Alice* step 1.  *See*

5   *Cisco Systems, Inc. v. Uniloc 2017 LLC*, 813 Fed. App'x 495, 499 (Fed. Cir. 2020) ("Uniloc's

6   only alleged inventive concept is coincident with the abstract idea itself…[t]hus, there are not

7   'additional elements,' which 'transform the nature of the claim' into a patent-eligible

8   application."); *ChargePoint, Inc.*, 920 F.3d at 774 ("[A] claimed invention's use of the ineligible

9   concept to which it is directed cannot supply the inventive concept that renders the invention

10   'significantly more' than that ineligible concept.") (citing *BSG Tech LLC v. Buyseasons, Inc.*, 899

11   F.3d 1281, 1290 (Fed. Cir. 2018).

12        Alternately, to the extent limitations [1e] and [1g] can be characterized as relating to

13   wireless connectivity, the Federal Circuit has stated that "[w]irelessly communicating status

14   information about a system is similar to abstract ideas we have found in our previous cases."

15   *Chamberlain Group, Inc. v. Techtronic Industries Co.*, 935 F.3d 1341, 1346 (Fed. Cir. 2019).

16   Further, "the simple recitation of a computer wirelessly connecting with various pieces of

17   hardware is not inventive…[i]t does nothing to 'transform' the claim beyond its focus."  *MED-EL*

18   *Elektromedizinische Gerate GES.M.B.H. v. Advanced Bionics, LLC*, 657 F. Supp. 3d 604, 612 (D.

19   Del. 2023); *see also Cisco Sys., Inc. v. Uniloc USA, Inc.*, 386 F. Supp. 3d 1185, 1202 (N.D. Cal.

20   2019), *aff'd sub nom. Cisco Sys., Inc. v. Uniloc 2017 LLC*, 813 F. App'x 495 (Fed. Cir. 2020)

21   (finding no inventive concept where the claim at issue and the patent specification "as a whole

22   simply use existing Bluetooth technology and existing hardware as the generic environment for

23   implementing the abstract idea" to which the claim was directed); *Location Based Servs., LLC v.*

24   *Niantic, Inc.*, 295 F. Supp. 3d 1031, 1055 (N.D. Cal. 2017), *aff'd,* 742 F. App'x 506 (Fed. Cir.

25   2018) (explaining that "interacting with other generic display devices to update information about

26   locations is not inventive, as wirelessly connected electronic devices generally have the capacity to

27   interact.").

28        Limitation [1f], "a user selection of an away message to use…," is as generic as deciding

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS          16
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

1    what to tell visitors while you're unavailable, such as when a servant decides what to tell

2    messengers while their king is unavailable.  The '853 Patent acknowledges that the "away

3    message" may be sent via already-existing communication protocols such as a text message or

4    email.  '853 Patent at 8:44-52.

5         As to limitation [1h], which generally recites responding to an incoming communication

6    by sending an "away message" and suppressing any user notification: This limitation, as with [1e]

7    and [1g], is coextensive with the abstract idea of screening notifications, considered above in *Alice*

8    step 1.  *See Cisco Systems*, 813 Fed. App'x. at 499 ("Uniloc's only alleged inventive concept is

9    coincident with the abstract idea itself…[t]hus, there are not 'additional elements,' which

10   'transform the nature of the claim' into a patent-eligible application.") (cleaned up).  The

11   specification of the '853 Patent adds nothing of inventive substance; the form and content of the

12   "away message" can be customized by the user in a set of menus.  '853 Patent at 8:27-40, Figs.

13   5a-5d.  Alternately, to the extent that limitation [1h] is directed to sending a message over a

14   wireless medium, "the broad concept of communicating information wirelessly, without more, is

15   an abstract idea."  *Chamberlain Grp.*, 935 F.3d at 1347.

16        The limitations themselves are also ordered in a conventional fashion, corresponding to the

17   various actions performed in the same sequence to perform the abstract idea of screening

18   notifications, as laid out in the numerous real-world examples above.  For example, steps [d] and

19   [e] of the claim correspond to first deciding whether to screen notifications, step [f] corresponds to

20   next determining your "away" message, step [g] corresponds to then screening the notifications,

21   and finally step [h] corresponds to displaying the away message instead.  Thus, there is no

22   inventive aspect in the ordering of the limitations either.  *See Two-Way Media Ltd. v. Comcast*

23   *Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017) (quotations omitted) (cleaned up)

24   (finding "no inventive concept in the ordered combination of [the] limitations" because the "claim

25   uses a conventional ordering of steps—first processing the data, then routing it, controlling it, and

26   monitoring its reception—with conventional technology to achieve its desired result.").

27        In sum, the asserted claim simply uses generic computer components arranged in a

28   conventional fashion.  Thus, the asserted claim lacks an inventive concept at *Alice* step two and is

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS          17
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

1   invalid under Section 101.

2   **2.   The Remaining Claims of the '853 Patent Are Also Invalid Under
        Section 101.**

3

4   Plaintiff's complaint identifies only claim 1 of the '853 Patent explicitly, so the Court

5   could analyze that claim as being representative. *Automated Tracking Sols., LLC v. Coca-Cola*

6   *Co.*, 723 F. App'x 989, 991 (Fed. Cir. 2018) (analyzing one independent claim from each patent

7   because "[i]n a § 101 analysis, courts may evaluate representative claims."). Regardless, the

8   unasserted claims also fail Section 101. At *Alice* step one, the unasserted claims of each patent are

9   directed to the same abstract idea of screening notifications. At *Alice* step two, none of the

10  unasserted claims add any inventive concept. "[N]one of the[] asserted limitations in the

11  dependent claims offer any improvement-or even significant variation-in technical functioning of

12  the claimed invention." *Fast 101 PTY Ltd. v. Citigroup Inc.*, 424 F. Supp. 3d 385, 388 (D. Del.

13  2020), *aff'd*, 834 F. App'x 591 (Fed. Cir. 2020) (treating independent claim 1 as representative

14  because "the dependent claims offer only minor, non-technical variations").

15  Dependent claim 2 adds the concept of suppressing or screening *all* notifications, not just

16  "one or more." Thus, this claim describes the same abstract concept as claim 1. In addition, there

17  is no explanation in claim 2 or the specification as to how to perform or achieve this step, thus,

18  there is nothing inventive that is added in claim 2.

19  Dependent claim 3 adds the step of providing a notification of the suppressed or screened

20  notifications upon completion of the inactive mode. Applying the analogies discussed above,

21  claim 3 adds the step of the assistant providing the executive with their missed calls once their

22  meeting is done. Again, this does not take the claim out of the realm of the abstract, and is

23  certainly not an inventive concept.

24  Claims 4 through 7 specify types of received communications or away message, namely,

25  SMS (i.e., text message), email, or cellular phone calls. All of these types are well-known and

26  conventional, and they do not change the abstract nature of the claims.

27  Claims 8 and 9 add the step of providing a notification to a server that the device is either

28  in "inactive mode," or has left that mode. Again, this does not take the claim out of the realm of

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT          18

the abstract, and is not an inventive concept because providing notifications was well known (indeed, the patent aims to suppress notifications) and merely amounts to "presenting the results of abstract processes of collecting and analyzing information," which "without more (such as identifying a particular tool for presentation), is abstract as an ancillary part of such collection and analysis."  *See FairWarning IP, LLC v. Iatric Sys.*, 839 F.3d 1089, 1093-94 (Fed. Cir. 2016) (holding a claim to a notification function unpatentable under 101); *see also In re Killian*, 45 F.4th 1373, 1380 (Fed. Cir. 2022), *cert. denied sub nom. Killian v. Vidal*, 144 S. Ct. 100, (2023), *reh'g denied,* 144 S. Ct. 441 (2023) (explaining that the Federal Circuit has "found similar claims pertaining to data gathering, analysis, and notification on generic computers to be directed to abstract ideas at *Alice/Mayo* step one."); *Google LLC v. Sonos, Inc.*, 498 F. Supp. 3d 1138, 1151-52 (N.D. Cal. 2020) (explaining that "notification . . . ultimately is no different from the presentation of the results of collecting and analyzing information – which [Federal Circuit precedent] also deemed within the category of abstract ideas.").

All of these unasserted claims recite generic variations of the same age-old abstract concept of screening notifications.  Adding generic steps like specifying communication types in the form of SMS, email, or cellular phone calls or delivering the notifications when no longer in "inactive mode" fail to add anything inventive.  The Federal Circuit has found such claims ineligible where "the additional limitations of these dependent claims do not add an inventive concept [and] represent merely generic data collection steps or siting the ineligible concept in a particular technological environment."  *Internet Pats. Corp.*, 790 F.3d at 1349; *see also Affinity Labs of Tex.*, 838 F.3d at 1264 (dependent claims all recited functions that were not inventive but simply constituted "particular choices from within the range of existing content or hardware[.]").  Therefore, because none of the remaining claims pass muster under *Alice*, they are invalid as unpatentable abstract ideas as well.

### B.   <u>Amendment Would Be Futile</u>

TJTM's complaint should be dismissed with prejudice because amendment would be futile "due to the fundamental deficiencies in the asserted claims themselves."  *Validity, Inc. v. Project Bordeaux, Inc.*, No. 23-365-SRF, D.I. 36 at *27 (D. Del. Sep. 22, 2023); *see also Papst Licensing*

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS      19
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

*GmbH & Co. KG v. Xilinx Inc.*, 193 F. Supp. 3d 1069, 1095 (N.D. Cal. 2016), *aff'd,* 684 F. App'x 971 (Fed. Cir. 2017) (dismissing with prejudice "[b]ecause the asserted claims are directed to patent-ineligible subject matter, a defect which cannot be cured through amendment of a complaint"); *Skillz Platform Inc. v. Aviagames Inc.*, 2022 WL 783338, at *25 (N.D. Cal. Mar. 14, 2022) (same); *Wireless Discovery LLC v. eHarmony, Inc.*, 2023 WL 1778656, at *11 (D. Del. Feb. 6, 2023) (denying leave to amend because the "claims of the patents say what they say," and "[a]mending the complaint would not change the Court's § 101 analysis.").

### C.   <u>Plaintiff's Indirect and Willful Infringement Claims Should Be Dismissed</u>

Plaintiff's cursory allegations regarding knowledge are insufficient to support allegations of indirect and willful infringement.

Plaintiff fails to plead facts sufficient to support its claims of indirect infringement. Knowledge of the patent is required to support a finding of indirect infringement. *See Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, 642 F. Supp. 3d 1034, 1046 (N.D. Cal. 2022) ("Liability for indirect infringement of a patent requires direct infringement by a third party."). Here, Plaintiff only makes the conclusory allegation that Google had, "on information and belief, knowledge of the '853 patent and that the downloading the apps [sic] into the phone would create a mobile device that infringes it." Dkt. 1 at ¶ 38. These conclusory allegations are insufficient to support a claim of knowledge of the patent, so its indirect infringement claims should be dismissed for this reason. *See Elec. Scripting Prod., Inc. v. HTC Am. Inc.*, 2018 WL 1367324, at *6 (N.D. Cal. Mar. 16, 2018) (holding that plaintiff's "conclusory statement that 'Plaintiff's Patents were well known to defendants at all times relevant hereto, plaintiff having given each defendant written notice of the Patents'" and its "allegations regarding 'defendant's exercise of due diligence pertaining to intellectual property affecting its Devices'" were not "sufficient to establish knowledge" required for willful infringement claim). Similarly, "liability for indirect infringement of a patent requires direct infringement." *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1143 (N.D. Cal. 2019). Plaintiff's complaint ignores the direct infringement requirement for indirect infringement, and its indirect infringement claims should be dismissed for this reason as well. *Id.* ("[Plaintiff's] direct infringement claims have not been adequately pled, its indirect infringement

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

20

1    claims fail as well.").

2          Plaintiff similarly fails to plead facts sufficient to support its claims of willful

3    infringement.  Knowledge of the patent is also required to support a finding of willful

4    infringement.  *See Google LLC v. Princeps Interface Techs. LLC*, 2020 WL 1478352, at *2 (N.D.

5    Cal. Mar. 26, 2020) ("Since *Halo*, courts in this District have required willful infringement claims

6    to show both knowledge of the ... [p]atents and egregious conduct in order to survive a motion to

7    dismiss.") (internal quotations omitted).  Plaintiff speculates that Google "had knowledge of the

8    '853 as a result of its participation in the cell phone industry," and that Google "surely had

9    knowledge of the 'OFF MODE' app which was available for download long before the launch of

10   the 'Driving Mode' feature which, on information and belief, led Google to knowledge of the '853

11   patent."  Dkt. 1 at ¶ 40.  But participation in a particular industry alone is irrelevant to whether

12   Google had knowledge of a particular patent, and the mere existence of a particular app is

13   similarly irrelevant.  *See Illumina, Inc. v. BGI Genomics Co., Ltd.*, 2020 WL 571030, at *6 (N.D.

14   Cal. Feb. 5, 2020) (explaining that "merely stating that Illumina regularly monitors intellectual

15   property in fields related to its products will not suffice to state a claim of knowledge for the

16   purposes of willful or induced infringement.").  Accordingly, Plaintiff's willfulness claims should

17   also be dismissed.

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS      21
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT

## V.    <u>CONCLUSION</u>

For the reasons stated above, all the claims of the '853 Patent should be deemed invalid under 35 U.S.C. § 101, and TJTM's complaint should be dismissed with prejudice with no leave to amend.  For the reasons stated above, TJTM's indirect and willful infringement claims should also be dismissed.

Dated:  April 29, 2024                     FARELLA BRAUN + MARTEL LLP


                                           By:    _____/s/ Winston Liaw_____
                                                  Winston Liaw (State Bar No. 273899)
                                                  Eugene Y. Mar (State Bar No. 227071)
                                                  Daniel C. Callaway (State Bar No. 262675)
                                                  MaryJo Lopez-Oneal (State Bar No. 337163)
                                                  Farella Braun + Martel LLP
                                                  One Bush Street, Suite 900
                                                  San Francisco, California 94104
                                                  Telephone: (415) 954-4400
                                                  Facsimile: (415) 954-4480
                                                  wliaw@fbm.com
                                                  emar@fbm.com
                                                  dcallaway@fbm.com
                                                  mlopezoneal@fbm.com

                                                  Attorneys for Defendant GOOGLE LLC

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S MOTION TO DISMISS        22
TJTM'S COMPLAINT - Case No. 3:24-cv-01232-TLT