Eugene Y. Mar (SBN 227071)
emar@fbm.com
Daniel C. Callaway (SBN 262675)
dcallaway@fbm.com
Winston Liaw (SBN 273899)
wliaw@fbm.com
MaryJo Lopez-Oneal (SBN 337163)
mlopezoneal@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant GOOGLE LLC

**JOSEPH W. COTCHETT**
(SBN 36324; jcotchett@cpmlegal.com)
**BLAIR V. KITTLE**
(SBN 336369; bkittle@cpmlegal.com)
**VASTI S. MONTIEL**
(SBN 346409; vmontiel@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**PAUL W. REIDL**
(SBN 155221; paul@reidllaw.com)
**LAW OFFICE OF PAUL W. REIDL**
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530

*Attorneys for Plaintiff TJTM Technologies, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TJTM TECHNOLOGIES, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **GOOGLE LLC**, <br><br> Defendant. | Case No. 3-24-CV-01232-TLT <br><br> **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

1. **PURPOSES AND LIMITATIONS**

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2.     **DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  less restrictive means.

2      2.8    "<u>HIGHLY CONFIDENTIAL – SOURCE CODE</u>" Information or Items: extremely

3  sensitive "Confidential Information or Items" representing computer code and associated

4  comments and revision histories, formulas, engineering specifications, or schematics that define or

5  otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure

6  of which to another Party or Non-Party would create a substantial risk of serious harm that could

7  not be avoided by less restrictive means.

8      2.9    <u>House Counsel</u>: attorneys who are members in good standing of at least one state

9  bar, who are employees of a Party, and who have responsibility for managing this action. House

10  Counsel does not include Outside Counsel of Record or any other outside counsel.

11     2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

12  entity not named as a Party to this action.

13     2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

14  action but are retained to represent or advise a Party and have appeared in this action on behalf of

15  that Party or are affiliated with a law firm which has appeared on behalf of that Party.

16     2.12   <u>Party</u>: any party to this action.

17     2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

18  Material in this action.

19     2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services

20  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

21  organizing, storing, or retrieving data in any form or medium, and professional jury or trial

22  consultants) and their employees and subcontractors, who (1) have been retained by a Party or its

23  counsel to provide litigation support services with respect to this action, (2) are (including any

24  employees and subcontractors) not a past or current employee of a Party or of a Party's

25  competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party

26  or of a Party's competitor.

27     2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

28  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  "HIGHLY CONFIDENTIAL – SOURCE CODE."

2      2.16    Receiving Party: a Party that receives Disclosure or Discovery Material.

3  **3.    SCOPE**

4      The protections conferred by this Stipulation and Order cover not only Protected Material

5  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

6  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

7  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

8  However, the protections conferred by this Stipulation and Order do not cover the following

9  information: (a) any information that is in the public domain at the time of disclosure to a

10 Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

11 result of publication not involving a violation of this Order, including becoming part of the public

12 record through trial or otherwise; and (b) any information known to the Receiving Party prior to

13 the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

14 the information lawfully and under no obligation of confidentiality to the Designating Party. Any

15 use of Protected Material at trial shall be governed by a separate agreement or order.

16 **4.    DURATION**

17     Even after final disposition of this litigation, the confidentiality obligations imposed by this

18 Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order

19 otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

20 and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after

21 the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

22 including the time limits for filing any motions or applications for extension of time pursuant to

23 applicable law.

24 **5.    DESIGNATING PROTECTED MATERIAL**

25     5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

26 or Non-Party that designates information or items for protection under this Order must take care to

27 limit any such designation to specific material that qualifies under the appropriate standards. Mass,

28 indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

4                                   45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

2  retard the case development process or to impose unnecessary expenses and burdens on other

3  Parties) expose the Designating Party to sanctions.

4          If it comes to a Designating Party's attention that information or items that it designated

5  for protection do not qualify for protection at all or do not qualify for the level of protection

6  initially asserted, that Designating Party must promptly notify all other Parties that it is

7  withdrawing the mistaken designation.

8          5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

9  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

10  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

11  designated before the material is disclosed or produced.

12          Designation in conformity with this Order requires:

13          (a)      <u>for information in documentary form</u> (e.g., paper or electronic documents,

14  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

15  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

16  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

17  protected material.

18          A Party or Non-Party that makes original documents or materials available for inspection

19  need not designate them for protection until after the inspecting Party has indicated which material

20  it would like copied and produced. During the inspection and before the designation, all of the

21  material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

23  copied and produced, the Producing Party must determine which documents qualify for protection

24  under this Order. Then, before producing the specified documents, the Producing Party must affix

25  the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

26  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains

27  Protected Material.

28          (b)      for testimony given in deposition or in other pretrial or trial proceedings,

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

5                                    45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

1              (c)     for information produced in some form other than documentary and for any

2 other tangible items, that the Producing Party affix in a prominent place on the exterior of the

3 container or containers in which the information or item is stored the legend "CONFIDENTIAL"

4 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

5 CONFIDENTIAL – SOURCE CODE".

6        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

7 designate qualified information or items does not, standing alone, waive the Designating Party's

8 right to secure protection under this Order for such material. Upon timely correction of a

9 designation, the Receiving Party must make reasonable efforts to assure that the material is treated

10 in accordance with the provisions of this Order.

11 **6.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

12        6.1    Timing of Challenges. Any Party may challenge a designation of confidentiality at

13 any time. Unless a prompt challenge to a Designating Party's confidentiality designation is

14 necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

15 significant disruption or delay of the litigation, a Party does not waive its right to challenge a

16 confidentiality designation by electing not to mount a challenge promptly after the original

17 designation is disclosed.

18        6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution

19 process by providing written notice of each designation it is challenging and describing the basis

20 for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

21 notice must recite that the challenge to confidentiality is being made in accordance with this

22 specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in

23 good faith and must begin the process by conferring directly (in voice to voice dialogue; other

24 forms of communication are not sufficient) within 14 days of the date of service of notice. In

25 conferring, the Challenging Party must explain the basis for its belief that the confidentiality

26 designation was not proper and must give the Designating Party an opportunity to review the

27 designated material, to reconsider the circumstances, and, if no change in designation is offered, to

28 explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

7         45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgement and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     up to one House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound"

order for the deposition to proceed.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

(Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information; and

(h)     mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c)     the Court and its personnel;

(d)     stenographic reporters, videographers and their respective staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects to the disclosure.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   7.4  <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or

2 <u>Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

3 Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

4 SOURCE CODE" only to:

5   (a) the Receiving Party's Outside Counsel of Record in this action, as well as

6 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

7 information for this litigation and who have signed the "Acknowledgment and Agreement to Be

8 Bound" that is attached hereto as Exhibit A;

9   (b) up to three Experts of the Receiving Party (1) to whom disclosure is

10 reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

11 Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph

12 7.5(a)(2), below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL –

13 SOURCE CODE" Information or Items, have been followed;

14   (c) the Court and its personnel;

15   (d) stenographic reporters, videographers and their respective staff who have

16 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are transcribing or

17 videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

18 or Items are being discussed, provided that such reporters and videographers shall not retain or be

19 given copies of any portions of the source code, which if used during a deposition, will not be

20 attached as an exhibit to the transcript but instead shall be identified only by its production

21 numbers.

22   (e) while testifying at deposition or trial in this action only: any person who

23 authored, previously received (other than in connection with this litigation), or was directly

24 involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE"

25 Information or Items, as evident from its face or reasonably certain in view of other testimony or

26 evidence. Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE"

27 Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the

28 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

11

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   Only printed copies of the Source Code will be provided to testifying witnesses during their

2   testimony.

3         7.5        Procedures for Approving or Objecting to Disclosure of "HIGHLY

4   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

5   CODE" Information or Items to Experts.

6               (a)        (1) Purposefully left blank.

7               (a)        (2) Unless otherwise ordered by the court or agreed to in writing by the

8   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

9   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

10  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.3(b)

11  or 7.4(b) first must make a written request to the Designating Party[2] that (1) identifies the general

12  categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

13  CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

14  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

15  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

16  current employer(s), (5) identifies each person or entity from whom the Expert has received

17  compensation or funding for work in his or her areas of expertise or to whom the expert has

18  provided professional services, including in connection with a litigation, at any time during the

19  preceding five years,[3] and (6) identifies (by name and number of the case, filing date, and location

20  of court) any litigation in connection with which the Expert has offered expert testimony,

---

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

12                                    45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  including through a declaration, report, or testimony at a deposition or trial, during the preceding

2  five years.[4]

3  (b)     A Party that makes a request and provides the information specified in the

4  preceding respective paragraphs may disclose the subject Protected Material to the identified

5  Expert unless, within 14 days of delivering the request, the Party receives a written objection from

6  the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

7  (c)     A Party that receives a timely written objection must meet and confer with

8  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

9  agreement within seven days of the written objection. If no agreement is reached, the Party

10  seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

11  (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to

12  do so. Any such motion must describe the circumstances with specificity, set forth in detail the

13  reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

14  disclosure would entail, and suggest any additional means that could be used to reduce that risk. In

15  addition, any such motion must be accompanied by a competent declaration describing the parties'

16  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

17  discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

18  approve the disclosure.

19  (d)     In any such proceeding, the Party opposing disclosure to the Expert shall

20  bear the burden of proving that the risk of harm that the disclosure would entail (under the

21  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

22  its Expert.

23  (e)     A party who has not previously objected to disclosure of Protected Material

24  to an Expert or whose objection has been resolved with respect to previously produced Protected

25

26  [4] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain
27  limited work prior to the termination of the litigation that could foreseeably result in an improper
use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
28  information.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

1    Material shall not be precluded from raising an objection to an Expert at a later time with respect

2    to Protected Material that is produced after the time for objecting to such Expert has expired or if

3    new information about that Expert is disclosed or discovered. Any such objection shall be handled

4    in accordance with the provisions set forth above.

5    **8.      PROSECUTION AND ACQUISITION BAR**

6              (a)      Absent written consent from Defendant, any individual who receives access

7    to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

8    "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Defendant shall not

9    be involved in the prosecution of patents or patent applications relating to mobile device

10   connectivity and/or communications, including without limitation the patent asserted in this action

11   and any patent or application claiming priority to or otherwise related to the patent asserted in this

12   action, before any foreign or domestic agency, including the United States Patent and Trademark

13   Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes any activity

14   related to (i) the preparation or prosecution (for any person or entity) of patent applications,

15   including among others reexamination and reissue applications or (ii) directly or indirectly

16   participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of

17   patent claims.[5] To avoid any doubt, "prosecution" as used in this paragraph does not include

18   representing a party challenging a patent before a domestic or foreign agency (including, but not

19   limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes*

20   review, post grant review or covered business method review). This Prosecution Bar shall begin

21   when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

22   CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and

23   shall end three (3) years after final termination of this action.

24             (b)      Absent written consent from Google LLC, any individual who receives

25   access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

26

27   _____

[5] Prosecution includes, for example, original prosecution, reissue, *inter partes* review, post grant
28   review, covered business method review and reexamination proceedings.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

14                                    45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

"HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Google LLC shall not be involved in activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to mobile device connectivity and/or communications; or (ii) advising or counseling clients regarding the same. This Acquisition Bar shall begin when access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end three (3) years after final disposition of this action as provided herein.

**9.     SOURCE CODE**

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms. This material may include, among things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8 and the Acquisition Bar set forth in Paragraph 8, and may be disclosed only as set forth in Paragraph 7.4.

(c)     Any source code produced in discovery shall only be made available for inspection, not produced except as set forth below, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at (1) an office of the Producing Party or the Producing Party's primary outside counsel of record or (2) another mutually agreed upon location. Any location under (1) or (2) shall be within the United States. The source code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The secured computer shall have disk encryption and be password protected. Use or possession of any input/output device (e.g.,

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400
45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy

2  disk, portable hard drive, laptop, or any device that can access the Internet or any other network or

3  external system, etc.) is prohibited while accessing the computer containing the source code. All

4  persons entering the locked room containing the source code must agree to submit to reasonable

5  security measures to ensure they are not carrying any prohibited items before they will be given

6  access to the locked room. The computer containing source code will be made available for

7  inspection during regular business hours, upon reasonable notice to the producing party, which

8  shall not be less than 3 business days in advance of the requested inspection. The Producing Party

9  may visually monitor the activities of the Receiving Party's representatives during any source

10  code review, but only to ensure that there is no unauthorized recording, copying, or transmission

11  of the source code.

12        (d)    No person shall copy, e-mail, transmit, upload, download, print, photograph

13  or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE

14  CODE" material, except that the Receiving Party may request paper copies of limited portions of

15  source code, but only if and to the extent reasonably necessary for the preparation of court filings,

16  pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving

17  Party print more than 10 consecutive pages, or an aggregate total of more than 250 pages, of

18  source code during the duration of the case without prior written approval by the Producing Party.

19  The source code may only be transported by the Receiving Party via hand carry. The Receiving

20  Party shall not request paper copies for the purposes of reviewing the source code other than

21  electronically as set forth in paragraph (c) in the first instance. Within 5 business days or such

22  additional time as necessary due to volume requested, the Producing Party will provide the

23  requested material on watermarked or colored paper bearing Bates numbers and the legend

24  "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below. At the

25  inspecting Party's request, up to two additional sets (or subsets) of printed source code may be

26  requested and provided by the Producing Party in a timely fashion. Even if within the limits

27  described, the Producing Party may challenge the amount of source code requested in hard copy

28  form or whether the source code requested in hard copy form is reasonably necessary to any case

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  preparation activity pursuant to the dispute resolution procedure and timeframes set forth in

2  Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is

3  the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be

4  produced to the Receiving Party until the matter is resolved by the Court.

5         (e)     The Receiving Party shall maintain a record of any individual who has

6  inspected any portion of the source code in electronic or paper form. The Receiving Party shall

7  maintain all printed portions of the source code in a secured, locked area under the direct control

8  of counsel responsible for maintaining the security and confidentiality of the designated materials.

9  Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or

10  viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside

11  experts or consultants who have been approved to access source code; (iii) the site where any

12  deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the

13  information to a hearing, trial or deposition. Except as provided in subsection (i) of this section,

14  the Receiving Party shall not create any electronic or other images of the paper copies and shall

15  not convert any of the information contained in the paper copies into any electronic format. Any

16  printed pages of source code, and any other documents or things reflecting source code that have

17  been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may

18  not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to

19  attach as exhibits to depositions, expert reports, or court filings as discussed below. Any paper

20  copies used during a deposition shall be retrieved by the Receiving Party at the end of each day

21  and must not be given to or left with a court reporter or any other unauthorized individual.[6]

22         (f)     The Receiving Party's outside counsel and/or expert shall be entitled to take

23  notes relating to the source code but may not copy any portion of the source code into the

24  notes. No copies of all or any portion of the source code may leave the room in which the source

25

26  _____

[6] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the

27  Receiving Party to provide notice to the Producing Party before including "HIGHLY

28  CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   code is inspected except as otherwise provided herein. Further, no other written or electronic

2   record of the source code is permitted except as otherwise provided herein.

3        (g)    A list of names of persons who will view the source code will be provided

4   to the producing party in conjunction with any written (including email) notice requesting

5   inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the

6   locked room to view the source code and when they enter and depart. The Producing Party shall be

7   entitled to a copy of the log.

8        (h)    The Receiving Party's outside counsel shall maintain a log of all copies of

9   the source code (received from a Producing Party) that are delivered by the Receiving Party to any

10  person. The log shall include the names of the recipients and reviewers of copies and locations

11  where the copies are stored. Upon request by the Producing Party, the Receiving Party shall

12  provide reasonable assurances and/or descriptions of the security measures employed by the

13  Receiving Party and/or person that receives a copy of any portion of the source code.

14       (i)    Except as provided in this paragraph, the Receiving Party may not create

15  electronic images, or any other images, of the source code from the paper copy for use on a

16  computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving

17  Party may create an electronic copy or image of limited excerpts of source code only to the extent

18  necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other

19  Court document, or any drafts of these documents[7] ("SOURCE CODE DOCUMENTS"). The

20  Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for

21  which such part of the Source Code is used. Images or copies of Source Code shall not be included

22  in correspondence between the parties (references to production numbers shall be used instead)

23  and shall be omitted from pleadings and other papers except to the extent permitted herein. The

24  Receiving Party may create an electronic image of a selected portion of the Source Code only

25  when the electronic file containing such image has been encrypted using commercially reasonable

26

27  _____

[7] Drafts shall only include those excerpts the Receiving Party believes will be included in the final

28  version.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  encryption software including password protection. The communication and/or disclosure of

2  electronic files containing any portion of source code shall at all times be limited to individuals

3  who are authorized to see source code under the provisions of this Protective Order. Additionally,

4  all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

5          (j)     To the extent portions of source code are quoted in a SOURCE CODE

6  DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY

7  CONFIDENTIAL- SOURCE CODE or (2) those pages containing quoted Source Code will be

8  separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

9          (k)     The Receiving Party shall maintain a log of all electronic images and paper

10  copies of Source Code Material in its possession or in the possession of its retained consultants,

11  including the names of the recipients and reviewers of any electronic or paper copies and the

12  locations where the copies are stored.

13  **10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

14

15          If a Party is served with a subpoena issued by a court, arbitral, administrative, or

16  legislative body, or with a court order issued in other litigation that compels disclosure of any

17  information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

19  CODE" that Party must:

20          (a)     promptly notify in writing the Designating Party. Such notification shall

21  include a copy of the subpoena or court order;

22          (b)     promptly notify in writing the person who caused the subpoena or order to

23  issue in the other litigation that some or all of the material covered by the subpoena or order is

24  subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective

25  Order; and

26          (c)     cooperate with respect to all reasonable procedures sought to be pursued by

27

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

19                                                45063\16907124
STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   the Designating Party whose Protected Material may be affected.[8]

2              If the Designating Party timely[9] seeks a protective order, the Party served with the

3   subpoena or court order shall not produce any information designated in this action as

4   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

5   "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which

6   the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

7   The Designating Party shall bear the burden and expense of seeking protection in that court of its

8   confidential material – and nothing in these provisions should be construed as authorizing or

9   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10  **11.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN
         THIS LITIGATION</u>**

11

12              (a)     The terms of this Order are applicable to information produced by a Non-

13  Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

14  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

15  information produced by Non-Parties in connection with this litigation is protected by the

16  remedies and relief provided by this Order. Nothing in these provisions should be construed as

17  prohibiting a Non-Party from seeking additional protections.

18              (b)     In the event that a Party is required, by a valid discovery request, to produce

19  a Non-Party's confidential information in its possession, and the Party is subject to an agreement

20  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

21                   (1)     promptly notify in writing the Requesting Party and the Non-Party

22  that some or all of the information requested is subject to a confidentiality agreement with a Non-

23  Party;

24

25  [8] The purpose of imposing these duties is to alert the interested parties to the existence of this
    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its
26  confidentiality interests in the court from which the subpoena or order issued.

27  [9] The Designating Party shall have at least 14 days from the service of the notification pursuant to
    Section 10(a) to seek a protective order.
28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1                   (2)      promptly provide the Non-Party with a copy of the Stipulated

2 Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

3 description of the information requested; and

4                   (3)      make the information requested available for inspection by the Non-

5 Party.

6              (c)      If the Non-Party fails to object or seek a protective order from this Court

7 within 14 days of receiving the notice and accompanying information, the Receiving Party may

8 produce the Non-Party's confidential information responsive to the discovery request. If the Non-

9 Party timely objects or seeks a protective order, the Receiving Party shall not produce any

10 information in its possession or control that is subject to the confidentiality agreement with the

11 Non-Party before a determination by the Court.[10] Absent a Court order to the contrary, the Non-

12 Party shall bear the burden and expense of seeking protection in this court of its Protected

13 Material.

14 **12.**      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16 Material to any person or in any circumstance not authorized under this Stipulated Protective

17 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

18 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

19 Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

20 terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

21 Agreement to Be Bound" that is attached hereto as Exhibit A.

22       If a Receiving Party or person authorized to access Protected Material ("Authorized

23 Recipient") discovers any loss of Protected Material or a breach of security, including any actual

24 or suspected unauthorized access, relating to another party's Protected Material, the Receiving

25 Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly

---

[10] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  (within 72 hours) provide written notice to Designating Party of such breach, including

2  information regarding the size and scope of the breach; and (3) investigate and make reasonable

3  efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized

4  Recipient shall promptly take all necessary and appropriate corrective action to terminate any

5  unauthorized access.

6  **13.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

7          When a Producing Party gives notice to Receiving Parties that certain produced material is

8  subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

9  those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

10  modify whatever procedure may be established in an e-discovery order that provides for

11  production without prior privilege review. If information is produced in discovery that is subject to

12  a claim of privilege or of protection as trial-preparation material, the party making the claim may

13  notify any party that received the information of the claim and the basis for it. After being notified,

14  a party must promptly return or destroy the specified information and any copies it has and may

15  not sequester, use or disclose the information until the claim is resolved. This includes a restriction

16  against presenting the information to the court for a determination of the claim. In addition,

17  information that contains privileged matter or attorney work product shall be immediately returned

18  if such information appears on its face to have been inadvertently produced.

19          Any disclosure of communications, information, or documents covered by the attorney-

20  client privilege or work product protection is not a waiver of the privilege or protection from

21  discovery in this case or in any other federal or state proceeding.

22          This Order shall be interpreted to provide the maximum protection allowed by Federal

23  Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not

24  apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly

25  assert the attorney-client privilege or work product protection over disclosed communications,

26  information, and documents.

27          Nothing contained herein is intended to or shall serve to limit a party's right to conduct a

28  review of communications, information, or documents for relevance, responsiveness and/or

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1  segregation of privileged and/or protected information before production.

2  **14.    MISCELLANEOUS**

3      14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

4  seek its modification by agreement with other Parties or by applying to the Court if such

5  agreement cannot be reached. Furthermore, without application to the Court, any party that is a

6  beneficiary of the protections of this Order may enter a written agreement releasing any other

7  party hereto from one or more requirements of this Order even if the conduct subject to the release

8  would otherwise violate the terms herein.

9      14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

10  Order no Party waives any right it otherwise would have to object to disclosing or producing any

11  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

12  Party waives any right to object on any ground to use in evidence of any of the material covered

13  by this Protective Order.

14      14.3    <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon

15  treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the

16  Parties that the disclosure of such categories of Disclosure and Discovery Material is required or

17  appropriate in this action. The Parties reserve the right to argue that any particular category of

18  Disclosure and Discovery Material should not be produced.

19      14.4    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable

20  laws and regulations relating to the export of technical data contained in such Protected Material,

21  including the release of such technical data to foreign persons or nationals in the United States or

22  elsewhere. Each party receiving Protected Information shall comply with all applicable export

23  control statutes and regulations. *See, e.g.,* 15 CFR 734. No Protected Information may leave the

24  territorial boundaries of the United States of America or be made available to any foreign national

25  who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a

26  protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).

27  Without limitation, this prohibition extends to Protected Information (including copies) in physical

28  and electronic form. The viewing of Protected Information through electronic means outside the

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

23                                          45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Information, exclusive of material designated HIGHLY CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.5    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

At any point, a Party may seek to designate and protect previously produced Protected Material as Highly Sensitive Documents/Information (HSD/HSI). The Parties will follow any applicable court orders regarding the procedures for HSD/HSI.

14.6    <u>Use of Protected Material at Hearing or Trial</u>. A Party shall provide a minimum of two business day's notice to the Producing Party in the event that a Party intends to use any Protected Information during any hearing or trial. Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

14.7    <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

24

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   impede Outside Counsel of Record's ability to communicate with or advise their client in

2   connection with this litigation based on such counsel's review and evaluation of Protected

3   Material, provided however that such communications or advice shall not disclose or reveal the

4   substance or content of any Protected Material other than as permitted under this Order.

5          14.8    Violations. If any Party violates the limitations on the use of Protected Material as

6   described above, the Party violating this Order shall be subject to sanctions, or any other remedies

7   as appropriate, as ordered by the Court. In the event motion practice is required to enforce the

8   terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and

9   fees, including attorney or other professional fees, incurred in connection with the discovery of the

10  violation and the preparation, filing, and arguing of the motion or any other proceedings resulting

11  from the violation.

12         14.9    Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of

13  this Stipulated Protective Order as of the date counsel for such party executes this Stipulated

14  Protective Order, even if prior to entry of this Order by the Court.

15         14.10  Data Security.

16         Any person in possession of Protected Material will maintain appropriate administrative,

17  technical, and organizational safeguards ("Safeguards") that protect the security and privacy of

18  Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the

19  collection, storage, disclosure, use of, or access to Protected Material solely to personnel and

20  purposes authorized by this Order. As part of these Safeguards, each person will use a secure

21  transfer method for all transfers or communication of Protected Material, and take reasonable

22  measures to password protect and encrypt Protected Material. Each person will ensure that anyone

23  acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or

24  greater protections for the security and privacy of Protected Material.

25         If Protected Material is to be used during a deposition, the Designating Party shall be

26  permitted to specify the technology and instance to be used to conduct the deposition with respect

27  to that Protected Material (e.g., for audio/video-conferencing and exhibits).

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

25                                          45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

15.     **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.     **INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION**

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated:  June 28, 2024                    COTCHETT, PITRE & McCARTHY, LLP

3

4                                             By:    _/s/ Joseph W. Cotchett_
                                                     Joseph W. Cotchett
5
                                              Attorneys for Plaintiff TJTM TECHNOLOGIES,
6                                             LLC

7

8    Dated:  June 28, 2024                    LAW OFFICE OF PAUL W. REIDL

9

10                                            By:    _/s/ Paul W. Reidl_
                                                     Paul W. Reidl
11
                                              Attorneys for Plaintiff TJTM TECHNOLOGIES,
12                                            LLC

13   Dated:  June 28, 2024                    FARELLA BRAUN + MARTEL LLP

14

15                                            By:    _/s/ Winston Liaw_
                                                     Winston Liaw
16
                                              Attorneys for Defendant GOOGLE LLC
17

18                              **<u>ATTESTATION</u>**

19         I hereby attest that all other signatories listed, and on whose behalf this stipulation is

20   submitted, concur in the filing's content and have authorized the filing.

21   Dated:  June 28, 2024                    FARELLA BRAUN + MARTEL LLP

22

23                                            By:    _/s/ Winston Liaw_
                                                     Winston Liaw
24
                                              Attorneys for Defendant GOOGLE LLC
25

26

27

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

27                                                            45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3   DATED: _____   _____
                                      Hon. Trina Thompson
4                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern

District of California on [date] in the case of *TJTM Technologies, LLC v. Google LLC*, no. 3:24-

cv-01232-TLT. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

[printed name]


Signature: _____

[signature]

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

45063\16907124

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS