**JOSEPH W. COTCHETT**
(SBN 36324; jcotchett@cpmlegal.com)
**BLAIR V. KITTLE**
(SBN 336367; bkittle@cpmlegal.com)
**VASTI S. MONTIEL**
(SBN 346409; vmontiel@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**PAUL W. REIDL**
(SBN 155221; paul@reidllaw.com)
**LAW OFFICE OF PAUL W. REIDL**
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530

*Attorneys for Plaintiff,*
*TJTM Technologies, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TJTM TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**GOOGLE LLC,**<br><br>Defendant. | Case No. 3:24-cv-01232-TLT<br><br>**PLAINTIFF TJTM TECHNOLOGIES, LLC OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS**<br><br>Date: October 29, 2024<br>Time: 2:00 p.m.<br>Location: Courtroom 9, 19th Floor<br>The Hon. Trina L. Thompson |

**OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS;**
**Case No. 3:24-cv-01232-TLT**

1

## TABLE OF CONTENTS

2

I.      **BACKGROUND** ...............................................................................................1

3

II.     **LEGAL STANDARDS** ..................................................................................2

4

III.    **THE '853 PATENT** ........................................................................................2

5

IV.    **THE PLEADED ALLEGATIONS ON THE PATENT ELIGIBILITY ISSUE**..........3

6

V.     **ARGUMENT** ................................................................................................4

7

      A.      After the Court's Decision on the Motion to Dismiss, the Federal Circuit

8

               Explained the Correct Way to Analyze Whether a Claim is Abstract ....................4

9

      B.      The Federal Circuit emphatically rejected the analysis urged on this Court by
Google...................................................................................................................6

10

      C.      The Claim is Patent Eligible ................................................................................7

11

      D.      The Court in *Contour* clearly ruled Google's way to analyze abstraction is not

12

               correct. ..................................................................................................................7

13

      E.      The Court Should Not Dismiss the Allegations of Indirect and Willful
Infringement..........................................................................................................9

14

              1.     The Indirect Infringement Allegation is Plausible and Direct. ....................10

15

              2.     The Willfulness Allegation is Plausible and Sufficient................................11

16

      F.      If the Motion is Granted, TJTM Should be Given an Opportunity to Re-Plead....12

17

VI.    **CONCLUSION** ...........................................................................................12

18

19

**EXHIBIT A:** *Contour IP Holding LLC v. GoPro, Inc.,*

20

                  No. 22-1654 2024 U.S. App. LEXIS 22825 (Fed. Cir. Sept. 9, 2024)

21

**EXHIBIT B:** *Contour IP Holding, LLC v. GoPro, Inc.,*

22

                  No. 3:17-cv-04738-WHO, 2022 WL 658553 (N.D. Cal. Mar. 4, 2022)

23

24

25

26

27

28

**OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS;**
**Case No. 3:24-cv-01232-TLT**

1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

2

3

**Cases**

4

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
    882 F. 3d 1121 (Fed. Cir. 2019)......................................................................9

5

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
    838 F.3d 1253 (Fed. Cir. 2016)......................................................................8

6

7

*Alice Corporation Pty. Ltd. v. CLS Bank Intern.*,
    573 U.S. 208 (2014) ......................................................................... *passim*

8

9

*Ashcroft v. Iqbal*,
    556 U.S. 652, 129 S. Ct. 1937 (2009).........................................................2, 9

10

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990) ........................................................................2

11

12

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
    827 F.3d 1341 (Fed. Cir. 2016).................................................................8, 9

13

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................2, 9

14

15

*Cahill v. Liberty Mut. Ins. Co.*,
    80 F.3d 336 (9th Cir. 1996) .........................................................................9

16

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
    776 F.3d 1343 (Fed. Cir. 2014).....................................................................8

17

18

*Contour IP Holding LLC v. GoPro, Inc.*,
    No. 22-1654 2024 U.S. App. LEXIS 22825 (Fed. Cir. Sept. 9, 2024) ........... *passim*

19

20

*Contour IP Holding, LLC v. GoPro, Inc.*,
    No. 3:17-cv-04738-WHO, 2022 WL 658553 (N.D. Cal. Mar. 4, 2022) .........................6

21

22

*Electronic Power Group, LLC. v. v. Alstom S.A.*,
    830 F.3d 1350 (Fed. Cir. 2016).....................................................................8

23

*Enfish, LLC v. Microsoft Corp.*,
    822 F. 3d 1327 (Fed. Cir. 2016).....................................................................5

24

25

*Internet Patents Corp. v. Active Network, Inc.*,
    790 F.3d 1343 (Fed. Cir. 2015).....................................................................5

26

27

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) ......................................................................2

28

*Moss v. U.S. Secret Service*,
    572 F.3d 962 (9th Cir. 2009) ................................................................................2

*MyMail, Ltd. v. OOVOO, LLC*,
    934 F.3d 1373 (Fed. Cir. 2019)..............................................................................5

*OIP Technologies, Inc. v. Amazon.com, Inc.*,
    788 F.3d 1359 (Fed. Cir. 2015)..............................................................................8

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ................................................................................2

*Unified Patents, Inc. v. SMTM Technologies, LLC*,
    Case No. IPR 2019-00434 (PTAB 7/30/19)(Slip. Op. ) ........................................3

*Usher v. City of Los Angeles*,
    828 F.2d 556 (9th Cir. 1987) ................................................................................2

**Other Authorities**

Federal Rules of Civil Procedure:

    Rule 8 ............................................................................................1, 2, 9, 12

    Rule 9 ........................................................................................................9

    Rule 12 (b)(6) ..............................................................................................2

Plaintiff TJTM Technologies, LLC, submits this opposition to Google's motion to dismiss (ECF 43).  The motion should be denied for three reasons: (a) a brand new controlling Federal Circuit decision, *Contour IP Holding LLC v. GoPro, Inc.*, emphatically **rejected** the patent eligibility analysis urged by Google, (b) TJTM has pleaded direct facts which make plausible its claim that the patent is not directed at abstract subject matter, and (c) the facts pleaded on the indirect and willful infringement claims make both claims sufficient under Rule 8. *See Contour IP Holding LLC v. GoPro, Inc.*, No. 22-1654 2024 U.S. App. LEXIS 22825 (Fed. Cir. Sept. 9, 2024)

## I.    BACKGROUND

TJTM owns patent no. 8,958,853 which is a method for preventing distracted driving caused by mobile phones.  The First Amended Complaint ("FAC") alleges that Google owns an "Add Mode" and a "Drive Mode" app.  When installed in its Pixel phones, whether pre-installed or downloaded and installed from its website, the phone becomes an infringing device.  A request to initiate an IPR from Unified Patents on this patent was denied by the Patent Trial and Appeal Board ("PTAB") in 2019.  The FAC alleges that Google is a member of Unified Patents and was aware of the PTAB proceeding and the patent-in-suit.

TJTM sued Google for patent infringement.  Google moved to dismiss.  Its principal argument was that the claim was not patent eligible because it was directed solely toward abstract subject matter (suppressing communications).  *Alice Corporation Pty. Ltd. v. CLS Bank Intern.*, 573 U.S. 208 (2014)("Alice"). Google also moved to dismiss the indirect and willful infringement claims. It urged the Court to dismiss the case without an opportunity to replead, arguing that amendment would be futile.

The Court granted the *Alice* motion and, in light of the dismissal, found it unnecessary to address the indirect and willful infringement claims.  It rejected Google's invitation to dismiss the case with prejudice and it gave TJTM an opportunity to replead facts addressing the patent eligibility issue.[1]

---

[1]    Google asserts that the Court only permitted TJTM to amend the Complaint to include facts probative on Step 2 of the *Alice* analysis. (43 ECF 13:16-18).  The Court did not impose such a limitation on the amended complaint.  To the contrary, it rejected Google's argument that amendment would be futile.  (32 ECF 19:7-27).

The FAC pleaded facts specifically addressing the patent eligibility issue.  It also included an expert declaration.  In response, Google filed a second motion to dismiss.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12 (b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Dismissal is appropriate where the Complaint lacks a cognizable legal theory or sufficient facts to support same. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).  A proper Complaint under Rule 8 "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the `grounds' of his `entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  The Court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 652, 129 S. Ct. 1937, 1950 (2009). It must also "construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008); *see Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  "In sum, for a Complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citations omitted).

## III.    THE '853 PATENT

The '853 patent is summarized in the PTAB decision declining to initiate an IPR attached as Exhibit B to the FAC.[2]  The PTAB experts summarized the '853 patent thussly:

> The '853 patent relates to "a mobile device including functionality for suppressing communications to a user and systems for verifying that a user was not receiving communications during a particular period of time." 1:50-54, 6:57-60. This is done to prevent distracted driving. *Id.* at 1:22-28, 2:2-3, 19-21, 37-39, 6:60-64. The suppressed communications may be, for example, notifications of incoming phone calls, notifications of communication events, such as ringing, vibration, or screen activation, are suppressed. *Id.* at 1:66-2:1, 2:19-23, 42-45, 3:6-12.

---

[2]    The Court may consider Exhibits attached to the Complaint on this motion.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Additionally, optionally, when a communication is received at the mobile device, the mobile device sends an "away message" to the sender of a communication, "in order to reassure senders that they will receive a response at the earliest convenient opportunity." *Id.* at 1:66-2:8, 2:24-25, 3:16-25. The user can configure the away message or choose from among several away messages before the device enters inactive mode. *Id* at 3:2932.

A user can customize the behavior of the mobile device during inactive mode using a graphical user interface on the mobile device. *Id* at 8:26-37, 9:15-25. Figure 5c … depicts a mobile device with an interface showing a custom message selection screen including example "away messages." *Id.* at 6:26-28…. The away message selection screen can be used to enable a user to create custom "away messages" and select a message to be transmitted to the sender of a communication when the mobile device is in inactive mode. Id. at 8:24-38.

As shown above in Figure 3, the method provides five sequential steps: placing a device into inactive mode (301); detecting an incoming communication (302); suppressing notification (303); transmitting an away message to the sender of the communication (304); and, upon completion of the inactive mode, notifying the user of missed communications (305). *Id.* at 7:37-49, 8:4-6, 8:14-16, 8:24-26, 8:53-55.

The inactive mode may be activated in different ways: through a user activating a button on a user interface; according to a pre-set schedule; when driving directions functionality of a mobile device is being used; upon pairing of the mobile device with a vehicle; by a remote user; or when the mobile device enters a particular location. *Id.* at 2:29-42, 3:4-5, 5:9-12, 5:19-24, 7:47-67. "[A]ny input that may indicate that the user is not to be distracted may be used to place the device in inactive mode." *Id* at 7:67—8:2. (drawings omitted)

*Unified Patents, Inc. v. SMTM Technologies, LLC*, Case No. IPR 2019-00434 (PTAB 7/30/19)(Slip. Op. at 2-5).

Claim 1 claims a mobile device having seven (7) limitations.  TJTM is only alleging infringement of Claim 1.

## IV.    THE PLEADED ALLEGATIONS ON THE PATENT ELIGIBILITY ISSUE

The FAC contains a number of well-pleaded allegations related to the patent eligibility issue. (ECF 40, ¶¶ 22-26).   These were not included in the original Complaint that was dismissed.

The FAC pleads that by pairing the mobile phone with the vehicle, the device shuts down automatically when the vehicle is operating and it restarts when the vehicle ceases to operate. While shut down, it performs a number of functions in the background without the distracting chirps and beeps attendant to normal operation: it captures and saves incoming messages, it sends

a response to the sender, and returns to normal operation once the vehicle is no longer operating. It addresses a problem unique to mobile phones which results in an improved device from a technical standpoint. The mobile phone required improvement because its normal operation caused distracted driving and the patent addresses this technological problem with a technological solution. The FAC incorporated the declaration of an expert engineer (FAC Exhibit C) in which he explains how the patent-in-suit is an innovative solution to the problem of mobile phone distracted driving, effectively forms a new device, performs a function that would impractical for a human assistant to perform, and results in an improvement to mobile phones.

On this motion, each of these allegations must be taken as true. All benefit of the doubt must be given to TJTM.

## V.    ARGUMENT

### A.    After the Court's Decision on the Motion to Dismiss, the Federal Circuit Explained the Correct Way to Analyze Whether a Claim is Abstract

Patent eligibility is decided by applying the two-step test articulated in *Alice*:

Step 1:    Are the claims merely directed toward an abstract idea?

Step 2:    If the Answer to Step 1 is "yes," does the claims recite something more than the abstract concept?

On September 9, 2024, the Federal Circuit ruled that the generalized approach to Step 1 urged by Google is incorrect. *Contour IP Holding LLC v. GoPro, Inc*., No. 22-1654 2024 U.S. App. LEXIS 22825 (Fed. Cir. Sept. 9, 2024) (**Exhibit A**)

Historically, courts have struggled with how to analyze abstraction under Step 1 because at some level every patent is grounded in abstract, real world principles, and an overgeneralized characterization of the claims would mean that nothing would ever be patent eligible.

On the original motion, Google urged the Court to analyze the abstraction question from a very generalized, 30,000 foot level. From that perspective, the '853 patent is just a method for suppressing messages, something that has been done since the dawn of mankind that can be found in Sherlock Holmes short stories. The claim was patent ineligible because it was simply a common, ordinary abstract idea: it was just a way to suppress communications. Google doubled-

down on that argument in the memorandum supporting its current motion.  In its view, the lodestar for determining abstraction is whether the claim reflects "longstanding, fundamental human activity." (ECF 43, 6:2-4).  If it does, it is patent ineligible.

As argued by TJTM in its initial opposition memorandum, however, approaching the eligibility issue from a very generalized, 30,000 foot perspective is improper.  The Federal Circuit has repeatedly cautioned against such a generalized approach to the question.   The inquiry must focus on whether the patent, in light of the specification, "as a whole," is directed toward unpatentable subject matter.  *Enfish, LLC v. Microsoft Corp*., 822 F. 3d 1327, 1334 (Fed. Cir. 2016); *see MyMail, Ltd. v. OOVOO, LLC,* 934 F.3d 1373, 1379 (Fed. Cir. 2019) ("Determining patent eligibility requires a full understanding of the basic character of the claimed subject matter"); *Internet Patents Corp. v. Active Network, Inc.,* 790 F.3d 1343, 1346 (Fed. Cir. 2015). As the Federal Circuit observed in *Enfish, LLC v. Microsoft Corp.,* 822 F. 3d 1327, 1337 (Fed. Cir. 2016):

> [D]escribing the claims at such a high level of abstraction and untethered from the language of the claims all but ensures that the exceptions to § 101 swallow the rule. *See Alice,* 134 S.Ct. at 2354 (noting that "we tread carefully in construing this exclusionary principle [of laws of nature, natural phenomena, and abstract ideas] lest it swallow all of patent law"); *cf. Diamond v. Diehr,* 450 U.S. 175, 189 n. 12, 101 S.Ct. 1048, 67 L.Ed.2d 155 (1981) (cautioning that overgeneralizing claims, "if carried to its extreme, make[s] all inventions unpatentable because all inventions can be reduced to underlying principles of nature which, once known, make their implementation obvious").

In a seminal decision issued on September 9, 2024, the Federal Circuit agreed with TJTM's approach and gave clear guidance to District Courts on how to analyze the abstraction issue.  *Contour IP Holding LLC v. GoPro, Inc*., No. 22-1654 2024 U.S. App. LEXIS 22825 (Fed. Cir. Sept. 9, 2024) (**Exhibit A**).  The patent in that case involved the now ubiquitous portable, point of view, digital video camera popularized by the defendant, GoPro. Defendant moved for summary judgment on the patent eligibility issue. The *lower court* granted the motion, finding that the claim was:

> directed to the abstract idea of "creating and transmitting video (at two different resolutions) and adjusting the video's settings remotely."   At *Alice* step two, the

1

2

> district court concluded that the claim recites only functional, results-oriented language with "no indication that the physical components are behaving in any way other than their basic, generic tasks."

3

4

(citations omitted).   The lower court's opinion is instructive because it incorrectly applies the

5

roadmap to analyzing the abstraction issue as urged on the Court by Google. *Contour IP*

6

*Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2022 WL 658553 (N.D. Cal. Mar. 4,

7

2022) (**Exhibit B**).  The lower court characterized the claim as abstract because "[t]he functions

8

of receiving, generating, storing, and transmitting video are (without more) abstract concepts."  It

9

then looked at the language of the claims and concluded that they "do not recite any technical

10

requirements to execute the abstract idea [and] they do not recite any particular hardware

11

required other than the generic "lens and image sensor" to take the video, generic "wireless

12

connection protocol device," and generic "camera processor."  Thus, the court concluded that the

13

claim was purely abstract and not patent eligible. *Id.* at 8. Other decisions have also applied this

incorrect analysis.

14

15

**B.    The Federal Circuit emphatically <u>rejected</u> the analysis urged on this Court by Google.**

16

The Federal Circuit criticized the lower court for analyzing the claims at "an

17

impermissibly high level of generality … which all but ensured the incorrect conclusion that the

18

claims were drawn to an abstract idea."  **Exhibit A** at 11 (citing *Enfish*, 822 F.3d at 1337).   It

19

explained that the lower Court had it backward.  Step 1 of the *Alice* analysis does not focus on

20

whether the claims are simply being "'directed to 'a result or effect that itself is the abstract

21

idea.'"   Rather the analysis must focus on "whether the claims are directed to 'a specific means

22

or method that improves the relevant technology'"  With respect to the digital video technology

23

at issue, the Court observed that the claim "when read as a whole, …. is directed to a specific

24

means that improves the relevant technology."  This made it patent eligible.[3]  In other words, the

25

claim was patent eligible because it was "directed to a technological solution to a technological

26

27

28

---

[3]       The Court also rejected the GoPro's argument that the claim was patent ineligible because it consisted merely of  known or conventional components that existed in the prior art at the time of the invention.

problem." It made the camera "operate differently than it otherwise could."  **Exhibit A** at 12 (citing *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 768 (Fed. Cir. 2019).  The fact that the ultimate result or effect at a high level of generalization may reflect an abstract idea is irrelevant.

### C.    The Claim is Patent Eligible

When Step 1 of the *Alice* test is applied properly as explained in the *Contour* case, it should be clear that TJTM has pleaded facts sufficient to state a plausible claim.  The problem addressed by the '853 patent is one that is created by mobile phone technology. Google never denies this.  TJTM pleads that the problem has no real world counterpart.  The claim is directed toward a specific method for solving that problem, namely, pairing the phone with the vehicle and shutting it down while the vehicle is in operation.  Like the camera technology in *Contour*, this transforms the mobile phone into a new device and makes it "operate differently than it otherwise would."  How different?  It automatically shuts down while the vehicle is operational, works in the background, and does not emit the chirps, beeps, ringtones and the like that cause distracted driving.

The Court will find very little difference between the generalized language of the claim at issue in *Contour* and the claim in the '853 patent.  Nor will it find very little difference between the arguments made by GoPro in *Contour* and by Google here.   Google unabashedly and repeatedly argues that the '853 patent is patent ineligible because it is directed solely to the abstract idea of screening messages -- something that has been known to mankind for centuries. It chides TJTM and its expert for taking the wrong approach to the abstraction question, which it characterizes as asking "whether a human can perform the activities that is the focus of the claims: suppressing notifications in this case."  (ECF 43, 13:1-4).

### D.    The Court in *Contour* clearly ruled Google's way to analyze abstraction is not correct.

*Contour* teaches that this high level of generalization is not the proper way to analyze the first step in *Alice.* The analysis must begin by looking at the technology in the patent and asking

1   whether the claimed invention improves it.  If it does, the claim is patent eligible.  Thus, Google's

2   entire argument is based on the faulty premise that the Federal Circuit rejected in *Contour*.

3       Google also argues that the claim is simply an agglomeration of generic components and

4   therefore adds nothing to the technology. (ECF 43 at 14). TJTM has pleaded facts that if proven

5   would say otherwise.  This conclusion was part of the lower court's finding in *Contour*. From its

6   perspective, the claims were generic and generalized so what was left was just the abstract

7   concept.

8       The *Contour* court expressly rejected this argument made by Google.   The abstraction

9   analysis must focus on the technology itself.  If the claimed invention solves a problem created by

10  the technology itself, it is patent eligible. That is precisely what the '853 patent does.

11      Finally, Google cites a number of decisions which it claims support its view of how the

12  abstraction question should be analyzed.  The cases say what they say and reach divergent results,

13  in part because of the lack of clarity from the Federal Circuit pre-*Contour*.  But each of them

14  proceeded from the very same premise that the *Contour* court rejected, or they addressed the

15  computerization of bricks & mortar everyday practices such as a spread sheet to a computer

16  which everyone agrees is likely to be patent ineligible. *See, e.g., Electronic Power Group, LLC. v.*

17  *v. Alstom S.A.,* 830 F.3d 1350, 1353 (Fed. Cir. 2016);  *OIP Technologies, Inc. v. Amazon.com,*

18  *Inc.*, 788 F.3d 1359, 1360 (Fed. Cir. 2015); *Content Extraction & Transmission LLC v. Wells*

19  *Fargo Bank, Nat. Ass'n,* 776 F.3d 1343, 1348 (Fed. Cir. 2014). The binding precedent is *Contour,*

20  and it unequivocally rejected Google's approach to the issue.

21      In short, *Contour* makes it very clear that the analysis urged on the Court by Google is

22  wrong.  When the Court approaches the abstraction question by applying *Contour*, it must find

23  that the '853 patent is patent eligible.

24      The Court need not reach Step 2 of the *Alice* analysis, but if it did it must deny the motion

25  because Step 2 requires that the inventive concept "be significantly more than the abstract idea

26  itself." *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed.

27  Cir. 2016).  It "must be more than well-understood, routine, conventional activity," *Affinity Labs*

28  *of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1262 (Fed. Cir. 2016), and "cannot simply be

an instruction to implement or apply the abstract idea on a computer." BASCOM, 827 F.3d at 1349. BASCOM held that the "non-conventional and non-generic arrangement of known, conventional pieces" can amount to an inventive concept." *Id.* at 1350. That is the case with the '853 patent. As recognized by the PTAB and the Examiner, one point of novelty was pairing the mobile device with the vehicle and automatically putting it in inactive mode which suppresses the notifications of the communications. PTAB, Slip Op. at 19; [1: (e)-(g)] This was not anticipated by the prior art. *Id.* This transforms the Claim into a patent eligible invention. The messages are not what the patent protects; they are the input/output for the overall method that prevents distracted driving. At a minimum, TJTM has pleaded facts that make its claim plausible. *See Aatrix Software, Inc. v. Green Shades Software, Inc*., 882 F. 3d 1121, 1126-1127 (Fed. Cir. 2019)(reversing grant of motion to dismiss and criticizing the court for not allowing plaintiff to re-plead facts that contradicted the court's prior decision on abstraction).[4]

###    E.    The Court Should Not Dismiss the Allegations of Indirect and Willful Infringement.

On this motion all well-pleaded allegations must be taken as true and construed in the light most favorable to TJTM. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). The Court must determine only that the allegations are "plausible." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *(quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Significantly, *Twombley* did not eliminate pleading on information and belief nor did It did not impose Rule 9 pleading requirements on allegations of willfulness or indirect infringement. It simply requires that the allegation as a whole, be plausible with every benefit of the doubt given to the plaintiff.

Google's argument cherry-picks certain of the pleaded facts and then argues that the individual facts, standing alone, are insufficient to establish a plausible claim. It also demands that TJTM plead facts about Google, Unified Patents, and communications between the two

---

[4]    Google again encourages the Court to rule on the patent eligibility of the remaining claims in the '853 patent. TJTM is not claiming that Google infringes any of these claims. There is therefore no case or controversy involving them and the Court should not render an advisory opinion.

1   which are unknown and unknowable without discovery.  This approach is incorrect. The Court

2   must look at all of the pleaded allegations as a whole given the very low bar of Rule 8 pleading

3   and determine whether they state a plausible claim.  From this correct perspective, they clearly do

4   and the motion should be denied.

5       **1.       The Indirect Infringement Allegation is Plausible and Direct.**

6       The FAC alleges that the use of Add Mode and Driving Mode on Pixel phones directly

7   infringes the '853 patent. It contains a detailed claim chart showing how that infringement occurs.

8   (FAC ¶ 42).  Paragraphs 33 and 43 allege that to the extent that Add Mode and Driving Mode are

9   not preloaded on the phones, Google's website contains instructions on how to download and

10  install it.  Paragraph 31 pleads that these software upgrades provided by Google "mirror[] or

11  constitute[] the equivalent of the elements comprising the '853 patent'," i.e., that those phones

12  directly infringe the '853 patent for the reasons set forth in the claim chart in Paragraph 42 of the

13  FAC.  Paragraph 32 further pleads that:

14

15      While "Driving Mode" and/or the "Add Mode" feature may have been new to
        Google, it was certainly not new to the marketplace. These features were released
16      after the TJTM released its "OFF MODE" app and after the grant of the '853
        patent. Given the massive legal resources available to Google to search new
17      technology for patent infringement, and the knowledge that its software engineers
        and business executives have of the apps available for download, **Google was fully**
18      **aware of the TJTM app and the '853 patent at the time it adopted. "Driving**
        **Mode" and/or the "Add Mode" feature for its phones.**
19

20  (Emphasis added).  These allegations are incorporated by reference into the First Claim for Relief.

21  (FAC ¶ 39).  The allegations are then repeated in Paragraph 43:

22

23      To the extent that the Driving Mode app and/or the Add Mode feature is not
        preloaded into the phones sold by Google, it is indirectly liable as it offers the apps
24      for downloading into phones and provides directions to consumers on how to
        download the apps with, on information and belief, knowledge of the '853 patent
25      and that the downloading the apps into the phone would create a mobile device that
        infringes it.
26

27  Taken together, and read in the light most favorable to TJTM, these allegations are more than

28  sufficient to allege a plausible claim of indirect infringement: Google provides an app on its web

site for the downloading of Add Mode and Driving Mode into its Pixel phones; it facilitates this by providing instructions to the user, **and it knew** that that once installed, the device will directly infringe the '853 patent.   The additional allegations of Google's knowledge of the patent are discussed below.

### 2.     The Willfulness Allegation is Plausible and Sufficient.

Paragraph 5 of the FAC alleges that TJTM's OFF MODE app was sold by Google in its app store but that Google removed it from the store once it had developed its own competitive version. As discussed above, Paragraph 8 alleges specific knowledge of the patent.  It pleads:

> Google had to know about the '853 patent and the "OFF MODE" app when it first adopted the "Driving Mode" feature for cellular phones sold by it. Instead of licensing the '853 patent for a reasonable royalty, however, Google took TJTM's invention and paid no compensation for it. On information and belief, Google gambled that TJTM could not afford to litigate its claims under the '853 patent.

The FAC also points to the PTAB proceeding as evidence of willfulness and knowledge. The Petitioner in that proceeding was Unified Patents.   Paragraph 35 alleges that this is a membership organization made up principally of tech companies **like Google** and that it is dedicated to eliminating "poor quality patent[s]" (which means a patent that could make the tech companies liable for significant damages). Paragraph 35 further alleges that Google is a member. (Id).  Finally, it alleges in Paragraph 38 that:

> **At a minimum, Google learned of the '853 patent from Unified Patents either at the time the proceeding was filed or after its unsuccessful conclusion.** Notwithstanding this knowledge, Google continued using "Driving Mode" in the phones it sells.

(emphasis added). All of these Paragraphs are incorporated by reference into the First Claim for Relief.

Thus, while the FAC also alleges that Google knew about the patent because of its participation on the industry, the Complaint makes many other factual allegations about both Google's knowledge of the patent and its willfulness.  Taken together, and read in the light most favorable to TJTM, these allegations are more than sufficient to allege a plausible claim of

willfulness: Google knew about the patent, it knew that its device infringed it, and it proceeded anyway.

While Google denies that any of this happened, that is not the question before the Court. The question is whether TJTM has pleaded a plausible claim under Rule 8. The answer to that is clearly "yes."

**F.     If the Motion is Granted, TJTM Should be Given an Opportunity to Re-Plead**

If the motion is granted, given the newness of the Federal Circuit's decision in *Contour*, which was decided after TJTM filed the FAC, it should be given an opportunity to replead additional facts that specifically address that case. As for the allegations of indirect and willful infringement, this is the first time that the Court will have considered them, so if it finds that the pleaded allegations do not meet Rule 8 standards, TJTM should be given an opportunity to address that in an amended complaint.

**VI.     CONCLUSION**

The Federal Circuit, which guides this Court on patent claims, has recently made it clear that the approach taken by Google to determining patent eligibility is wrong. If the claim solves a problem inherent in the technology and improves it, the claim is patent eligible. That is what the '853 patent does. The FAC pleads that it addresses a problem caused by mobile phone technology (distracted driving) and solves it.

The Claims Chart makes it clear that the Google Pixel phones read-on the patent. The allegations of indirect and willful infringement satisfy Rule 8 pleading requirements and the motion should be <u>denied</u> in its entirety.

Dated:  October 1, 2024                        By:     */s/ Joseph W. Cotchett*
                                                                **JOSEPH W. COTCHETT**
                                                                **BLAIR V. KITTLE**
                                                                **VASTI S. MONTIEL**
                                                                **COTCHETT, PITRE & McCARTHY, LLP**

                                                                **PAUL W. REIDL**
                                                                **LAW OFFICE OF PAUL W. REIDL**

                                                                *Attorneys for Plaintiff, TJTM Technologies LLC*