Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
Daniel C. Callaway (State Bar No. 262675)
dcallaway@fbm.com
Winston Liaw (State Bar No. 273899)
wliaw@fbm.com
MaryJo Lopez-Oneal (State Bar No. 337163)
mlopezoneal@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TJTM TECHNOLOGIES, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>GOOGLE LLC,<br><br>          Defendant. | Case No. 3:24-cv-01232-TLT<br><br>**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date:     October 29, 2024<br>Time:     2:00 pm<br>Crtrm.:   9, 19th Floor<br>The Hon. Trina L. Thompson<br><br>Trial Date: August 3, 2026 |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

45063\17089739

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. The '853 Patent Is Invalid Under Section 101. ..........................................................1

        1. TJTM Fails to Show That Its Amendment of the Complaint Compels a Different Result Than the Court's Prior Ruling. ..........................1

        2. *Contour IP* Affirms Existing Section 101 and *Alice* Jurisprudence and Does Not Change the "Way to Analyze Whether a Claim is Abstract." ................................................................................................3

        3. The '853 Patent Is Directed to a Patent-Ineligible Abstract Idea Under *Contour IP*. .........................................................................................5

        4. The '853 Patent Claims Do Not Contain an Inventive Concept under Step Two of *Alice*. .........................................................................9

    B. TJTM's Willfulness and Indirect Infringement Claims Should Be Dismissed With Prejudice. ........................................................................................10

    C. Amendment Would Be Futile. ..................................................................................11

III. CONCLUSION ....................................................................................................................11

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*,
    573 U.S. 208 (2014) ............................................................................................... passim

*AlterG, Inc. v. Boost Treadmills LLC*,
    388 F. Supp. 3d 1133 (N.D. Cal. 2019) ..............................................................................11

*Angel Techs. Grp., LLC v. Meta Platforms, Inc.*,
    2024 WL 4212196 (Fed. Cir. Sept. 17, 2024) ................................................................. 5,9

*Atos, LLC v. Allstate Ins. Co.*,
    2021 WL 6063963 (N.D. Ill. Dec. 22, 2021) .......................................................................7

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*,
    687 F.3d 1266 (Fed. Cir. 2012) ......................................................................................... 7,9

*Broadband iTV, Inc. v. Amazon.com, Inc.*,
    113 F.4th 1359 (Fed. Cir. 2024) ..................................................................................... 3,5,8

*CardioNet, LLC v. InfoBionic, Inc.*,
    955 F.3d 1358 (Fed. Cir. 2020) ..............................................................................................8

*ChargePoint, Inc. v. SemaConnect, Inc.*,
    920 F.3d 759 (Fed. Cir. 2019) ................................................................................................9

*Cisco Systems, Inc. v. Uniloc 2017 LLC*,
    813 Fed. App'x 495 (Fed. Cir. 2020) ....................................................................................9

*Contour IP Holdings LLC v. GoPro, Inc.*,
    113 F.4th 1373 (Fed. Cir. 2024) ................................................................................. passim

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
    638 F. Supp. 3d 1088 (N.D. Cal. 2022) ..............................................................................10

*Enfish, LLC v. Microsoft Corp.*,
    822 F.3d 1327 (Fed. Cir. 2016) ...................................................................................... 4,5,7

*Flick Intelligence v. Niantic, Inc.*,
    No. 3:23-cv-02219-TLT, Dkt. 32 (N.D. Cal. Nov. 15, 2023) .............................................3

*Fluidigm Corp. v. IONpath, Inc.*,
    2020 WL 408988 (N.D. Cal. Jan. 24, 2020) .....................................................................11

*Haley IP, LLC v. Motive Techs., Inc.*,
    2023 WL 7003265 (N.D. Cal. Oct. 23, 2023) ................................................................. 8,9

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

ii

45063\17089739

*Intellectual Ventures I LLC v. Symantec Corp.*,
   838 F.3d 1307 (Fed. Cir. 2016) ........................................................................................... 3,7,8

*Koninklijke KPN N.V. v. Gemalto M2M GmbH*,
   942 F.3d 1143 (Fed. Cir. 2019) ................................................................................................. 4

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
   837 F.3d 1299 (Fed. Cir. 2016) ................................................................................................. 4

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
   127 F. Supp. 3d 1071 (N.D. Cal. 2015) ................................................................................... 11

*MySpace, Inc. v. GraphOn Corp.*,
   672 F.3d 1250 (Fed. Cir. 2012) .............................................................................................. 7,9

*Newell Companies, Inc. v. Kenney Mfg. Co.*,
   864 F.2d 757 (Fed. Cir. 1988) ................................................................................................... 3

*OIP Technologies, Inc. v. Amazon.com, Inc.*,
   788 F.3d 1359 (Fed. Cir. 2015) .............................................................................................. 8,9

*Thompson v. TCT Mobile, Inc.*,
   2020 WL 1531333 (D. Del. Mar. 31, 2020) ..................................................................... 2,3,6,7

*In re TLI Commc'ns LLC Pat. Litig.*,
   823 F.3d 607 (Fed. Cir. 2016) ................................................................................................... 6

**FEDERAL STATUTES**

35 U.S.C.
   § 101 ................................................................................................................................ *passim*
   §§ 102 and 103 .......................................................................................................................... 9
   § 271(b) .................................................................................................................................... 11
   § 271(c) .................................................................................................................................... 11

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

iii

45063\17089739

## I. INTRODUCTION

The Court has already found that the claims of the '853 patent are directed to an unpatentable abstract idea under step one of *Alice*, and that amendment would be futile. TJTM ignores the Court's order and spends much of its opposition addressing step one, briefly addressing step two with the same arguments already rejected by this Court. TJTM's opposition is a thinly guised motion for reconsideration that seeks to revisit the *Alice* step one analysis by remaking the same arguments that were already rejected by this Court.

To make its opposition, TJTM relies on *Contour IP*, a recently issued Federal Circuit decision that it grossly mischaracterizes as a "seminal decision." But *Contour IP* changed no law, and it did not criticize or overrule any of the existing *Alice* jurisprudence, including any relied upon by the Court in its previous order granting Google's first motion to dismiss. Rather, *Contour IP* applied existing case law to determine that the particular parallel data stream recording claims before it were patent-eligible. And application of *Contour IP* does not change the analysis, as the claims there stand in stark contrast to the claims at issue here, which TJTM itself characterizes as merely automating the process by which notifications on cell phones can be suppressed.

The Court correctly found that TJTM's claims are directed to the abstract idea of suppressing notifications. Google respectfully requests that the Court reject TJTM's futile arguments and dismiss TJTM's amended complaint with prejudice.

## II. ARGUMENT

### A. The '853 Patent Is Invalid Under Section 101.

#### 1. TJTM Fails to Show That Its Amendment of the Complaint Compels a Different Result Than the Court's Prior Ruling.

TJTM's opposition fails to address the arguments in Google's motion to dismiss TJTM's amended complaint. Instead, TJTM's current opposition largely regurgitates its prior arguments that have already been rejected by the Court.

As a preliminary matter, TJTM improperly attempts to re-litigate step one of *Alice*. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*, 573 U.S. 208, 216-18 (2014) (describing the two-step analysis). TJTM claims that the Court "rejected Google's argument that amendment [with respect

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

1

45063\17089739

1 to *Alice* step one] would be futile."[1]  Dkt. 47 ("Opp.") at 1, n.1.  But the Court expressly ruled that TJTM's "request to amend has reached futility as to step 1 of the *Alice/Mayo* inquiry" (Dkt. 39 ("Order") at 12:28-13:1), and only granted leave to amend "to address the inventive concept in claim 1 of the '853 Patent," i.e., *Alice* step two.  *Id.* at 13:6-10.  TJTM's position is squarely contradicted by the Court's order.

Despite the Court's order, nearly all of TJTM's brief is directed to step one of *Alice*, and reiterates arguments that have already been rejected by this Court.  For example:

- TJTM again argues that Claim 1 of the '853 Patent "addresses a problem unique to mobile phones which results in an improved device from a technical standpoint."  Opp. at 4:2-3.  This argument has already been rejected by the Court.  *See* Order at 8:26-9:9.  And as explained by Google in its original briefing, and as found by the Court in its order dismissing TJTM's original complaint, the claimed solution of screening notifications is not unique to mobile phones, and is "not a new technique or concept."  *Id.* at 9:5-7; *see also id.* at 10:8-10 ("Like the claim in *Thompson*, claim 1 of the '853 Patent attempts to solve the problem of a distracted user by directing to the solution of screening notifications.").
- TJTM again argues that "[t]he problem addressed by the '853 patent is one that is created by mobile phone technology."  Opp. at 7:7-8.  TJTM made this argument previously, and this Court found otherwise.  *See* Order at 8:9-14.
- TJTM claims that the purported invention of the '853 Patent "makes [a mobile phone] 'operate differently than it otherwise would.'"  Opp. at 7:11-15.  TJTM made this argument before, and the Court found otherwise.  *See* Order at 11:26-12:4.

TJTM does not make any new arguments regarding step two of *Alice*, and entirely fails to address how its amended complaint relates to that step.  *See* Opp. at 8:24-9:12.  Instead, it makes the same

---

[1] It is not clear what the basis is for TJTM's claim.  TJTM cites to "32 ECF 19:7-27," but Dkt. 32 is the parties' proposed Stipulated Protective Order, is not an order from the Court, and certainly does not support TJTM's claim that the Court granted leave to amend with respect to step one of *Alice*.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

2

45063\17089739

arguments from its prior briefing, citing the same case law.  *See* Dkt. 25 at 10:18-11:14.

Since TJTM merely recycles the same arguments that the Court previously rejected and fails to address Google's arguments addressing any new allegations in Plaintiff's amended complaint, in particular with respect to step two of *Alice*, Google's motion should be granted.

### 2. *Contour IP* Affirms Existing Section 101 and *Alice* Jurisprudence and Does Not Change the "Way to Analyze Whether a Claim is Abstract."

Aside from recycling the same arguments, Plaintiff relies on *Contour IP Holdings LLC v. GoPro, Inc.*, a Federal Circuit decision issued about one month ago.  113 F.4th 1373 (Fed. Cir. 2024).  But contrary to Plaintiff's gross and conclusory mischaracterization, *Contour IP* is not a "seminal decision" (Opp. at 5:20) in *Alice* jurisprudence; rather, it appears that TJTM chose a recently issued Federal Circuit decision applying *Alice* and its subsequent case law, and proceeded to blatantly overstate its holding and impact.  *Contour IP* does not change the inquiry, for several reasons.[2]

First, *Contour IP* did not change the law.[3]  It did not "reject" this Court's application of the *Alice* test;[4] indeed, the Federal Circuit did not criticize or overrule ***any*** of its prior precedent.

---

[2] TJTM's unsupported claim that "courts have struggled with how to analyze abstraction under Step 1 because at some level every patent is grounded in abstract, real world principles" (Opp. at 4:21-23) is irrelevant because the weight of the Federal Circuit and district court decisions cited by Google demonstrates that claim 1 of the '853 Patent fails to disclose a technological innovation.  Courts, including this one, regularly find claims to be abstract and invalid under *Alice*.  *See Broadband iTV, Inc. v. Amazon.com, Inc.*, 113 F.4th 1359, 1367 (Fed. Cir. 2024); *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1318-19 (Fed. Cir.  2016); *Thompson v. TCT Mobile, Inc.*, 2020 WL 1531333, at *1 (D. Del. Mar. 31, 2020); *Flick Intelligence v. Niantic, Inc.*, No. 3:23-cv-02219-TLT, Dkt. 32 at 20 (N.D. Cal. Nov. 15, 2023).

[3] *Contour IP* is a panel decision and not an *en banc* decision, for example.  *See* United States Court of Appeal for the Federal Circuit, https://cafc.uscourts.gov/home/case-information/case-filings/petitions-for-rehearing-rehearing-en-banc/ (last accessed Oct. 8, 2024); *see also Newell Companies, Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) ("This court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned in banc.").

[4] To the extent TJTM's argument is that the *Contour IP* court rejected the specific arguments Google made in this case, such a rejection, even if that were true, is irrelevant, as the *Contour IP* court was considering entirely different claims than the ones at issue here, as discussed below in Section II.A.3.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT- Case No. 3:24-cv-01232-TLT

3

45063\17089739

Tellingly, TJTM does not cite to *any* language from *Contour IP* to support its baseless claim that *Contour IP* affected the law cited by Google or the approach taken by this Court. *See* Opp. at 8:11-20. Rather, *Contour IP* merely applied *existing law*, such as *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016), which was cited by TJTM in its opposition to Google's first motion to dismiss (*see, e.g.*, Dkt. 25 at 4:10-13, 4:21-5:7) and the Court in its order dismissing TJTM's original complaint (*see* Order at 8:2-8, 7:6-9) to determine that the particular set of patent claims before it was directed to a specific technological innovation.

      TJTM also plainly misreads *Contour IP*. For example, TJTM argues "[s]tep 1 of the *Alice* analysis does not focus on whether the claims are simply being directed to a result or effect that itself is the abstract idea. Rather, the analysis must focus on whether the claims are directed to a specific means or method that improves the relevant technology." Opp. at 6:19-22 (internal quotation marks omitted). Contrary to TJTM's assertion, step one of the *Alice* test has not changed. Rather, the Federal Circuit in *Contour IP* was reiterating that, under step one of *Alice*, courts must determine whether the claims are directed to a specific means or method that improves the relevant technology, or whether the claims are directed to a result or effect that is an abstract idea, and cites to *McRO*, which was previously cited by TJTM (Dkt. 25 at 9:27-10:10) and which this Court distinguished (Order at 9:17-26). *Contour IP*, 113 F.4th at 1379 ("To determine the focus of the claimed advance at *Alice* step one, we look to whether the claims are directed to 'a specific means or method that improves the relevant technology' rather than simply being directed to 'a result or effect that itself is the abstract idea.'") (citing *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016)). The Federal Circuit went on to reiterate that when a claim is directed to "[a]n improved result, without more, [it] is not enough to support patent eligibility at *Alice* step one." *Id.* (citing *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1150 (Fed. Cir. 2019)). The Federal Circuit repeated the concern that a claim directed to a result or effect that itself is abstract would improperly preempt the field: "When a claim 'abstractly cover[s] results' without regard to a specific process or machinery for achieving those results, it creates preemption concerns because it 'would prohibit all other persons from making the same thing by any means whatsoever.'" *Id.* (citing *McRO*, 837 F.3d at 1314). Rather

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

4

45063\17089739

than being a sea change, *Contour IP* is merely restating and applying the existing Section 101 jurisprudence already considered by this Court. If a patent claim is directed to a result or effect that itself is abstract, that claim fails step one of the *Alice* test. Here, claim 1 of the '853 Patent is directed at the abstract result or effect of suppressing notifications, and **consistent with Contour IP**, the claim recites an abstract concept.

Indeed, the Federal Circuit issued several other decisions around the same time it issued its order in *Contour IP* that similarly did not change the *Alice* landscape. In the Federal Circuit's precedential decision in *Broadband iTV* issued just a few days before *Contour IP*, the court applied existing *Alice* jurisprudence and affirmed the district court's grant of summary judgment and found that the challenged claims were patent-ineligible and directed to an abstract idea. *See Broadband iTV*, 113 F.4th at 1369, 1373. Similarly, in the Federal Circuit's non-precedential decision in *Angel Technologies Group, LLC v. Meta Platforms, Inc.*, issued about 8 days after *Contour IP*, the court again applied existing *Alice* jurisprudence, including citing *Enfish*, in affirming the district court's finding that the challenged claim was patent-ineligible and directed to an abstract idea. *See Angel Techs. Grp., LLC v. Meta Platforms, Inc.*, 2024 WL 4212196, at *5 (Fed. Cir. Sept. 17, 2024). Tellingly, the Federal Circuit in *Angel Technologies* did not cite to *Contour IP*, further belying TJTM's claim that *Contour IP* was somehow a "seminal decision." The Federal Circuit also affirmed the district court's finding that amendment of the complaint would be futile. *Id.* at *6.

At bottom, TJTM is using *Contour IP* to re-argue that the Court looked at the '853 Patent claims at an impermissibly general level under *Alice* step one. The Court has already considered this argument and explained why its prior ruling did not stem from "describing claims at 'a high level of abstraction and untethered from the language of the claims.'" *See* Order at 8:5-9 (quoting *Enfish*, 822 F.3d at 1337). *Contour IP* does not compel a different finding.

### 3. The '853 Patent Is Directed to a Patent-Ineligible Abstract Idea Under *Contour IP*.

By misreading *Contour IP*, TJTM restates its argument that Claim 1 of the '853 Patent is not abstract because it allegedly solves a problem created by technology. Opp. at 7:6-8. But the

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

5

45063\17089739

1  Court has already found, pursuant to *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 615 (Fed.
2  Cir. 2016), that applying abstract solutions to a technological field like mobile phones is
3  insufficient to make the idea patentable.  *See* Order at 8:9-14.
4        Moreover, TJTM completely ignores *Contour IP*'s reaffirmance that the claims must recite
5  a "specific, technological means…that in turn provide a technological improvement." *Contour IP*,
6  113 F.4th at 1379.  Specifically, the Federal Circuit found that Claim 11 of Contour IP's patent
7  "recite[d] an improved POV camera through its combination of claim limitations and requirement
8  that the claimed POV camera processor be configured to record low-and high-quality data streams
9  in parallel, followed by the low-quality data stream's wireless transfer to a remote device." *Id*.
10  "The claims thus require specific, technological means—parallel data stream recording with the
11  low-quality recording wirelessly transferred to a remote device—that in turn provide a
12  technological improvement to the real time viewing capabilities of a POV camera's recordings on
13  a remote device." *Id.*
14        This stands in direct contrast to Claim 1 of TJTM's '853 Patent, which fails to recite any
15  specific, technological means that provide any technological improvement.  *See* Order at 10:21-
16  12:4.  Instead, TJTM's amended complaint simply asserts that the '853 Patent automates the
17  process by which notifications on cell phones can be suppressed.  *See* Dkt. 41 at ¶¶ 22-24; Dkt.
18  No. 41-3 (Snell Expert Decl.) at 9.  As demonstrated in Google's motion to dismiss, the Federal
19  Circuit has repeatedly found automation to be a patent-ineligible abstract concept, and this Court
20  has already determined, like the *Thompson* Court did, that suppressing notifications is also
21  abstract.  *Contour IP* does not hold otherwise.
22        Claim 1 of the '853 Patent thus fails to state a specific, technological means that in turn
23  provides a technological improvement.  *See* Order at 9:17-26, 11:15-25.  Rather, this Court found
24  that TJTM's patent is "directed at the abstract idea of screening notifications…[t]he method of
25  mobile devices pairing with vehicles to automatically enter inactive mode ultimately describes a
26  method of screening notifications." *Id.* at 7:25-28.  This Court duly considered TJTM's argument
27  that "inactive mode automatically activ[at]es when the user's mobile device links to the user's
28  vehicle." *Id.* at 10:14-20.  But it found that "'detecting the motion or state of a vehicle and taking

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

6

45063\17089739

1  a corresponding action' has been recognized as an abstract idea." *Id.* (citing *Atos, LLC v. Allstate Ins. Co.*, 2021 WL 6063963, at *9 (N.D. Ill. Dec. 22, 2021) (finding claims "directed to the abstract idea of detecting the motion or state of a vehicle and taking a corresponding action" to be patent-ineligible).  This Court also directly addressed TJTM's concern (which TJTM raises again here in its current opposition) about "describing claims at a high level of abstraction and untethered from the language of the claims," citing to *Enfish* and concluding that its *Alice* step one analysis did not arise from a high level of abstraction, in view of the '853 Patent claims and specification.  Order at 8:2-8.

TJTM's other arguments under its misreading of *Contour IP* have already been made by TJTM, and rejected by this Court.  Tellingly, TJTM's opposition merely repeats the same claimed solution—"pairing the phone with the vehicle and shutting it down while the vehicle is in operation" (Opp. at 7:10-11)—that this Court has already rejected in its first order based on cases like *Atos, Thompson,* and *Intellectual Ventures I*.  *See* Order at 8:24-25 ("Here, the method of pairing a mobile device to a vehicle in order to suppress notifications on the mobile device is directed at a patent-ineligible abstract idea.").

TJTM also argues that under *Contour IP*, the claims of the '853 Patent somehow "transform[] the mobile phone into a new device" because "[i]t automatically shuts down while the vehicle is operational, works in the background, and does not emit the chirps, beeps, ringtones and the like that cause distracted driving."  Opp. at 7:13-15.  But this argument was already rejected by the Court in its discussion of step two of *Alice*, and TJTM points to nothing new in its amended complaint to change that analysis.  *See* Order at 11:26-12:4.  And merely automating something a human can do (shutting down a phone) has been rejected as a patentable concept by this Court, and a long line of Federal Circuit and other district court cases.  *See Id.* at 10:15-20; *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1279 (Fed. Cir. 2012) ("Using a computer to accelerate an ineligible mental process does not make that process patent-eligible."); *MySpace, Inc. v. GraphOn Corp.*, 672 F.3d 1250, 1267 (Fed. Cir. 2012) ("While running a particular process on a computer undeniably improves efficiency and accuracy, cloaking an otherwise abstract idea in the guise of a computer-implemented claim is insufficient to bring it

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

7

45063\17089739

within section 101."); *OIP Technologies, Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015) ("[R]elying on a computer to perform routine tasks more quickly or more accurately is insufficient to render a claim patent eligible."); *Haley IP, LLC v. Motive Techs., Inc.*, 2023 WL 7003265, at *4 (N.D. Cal. Oct. 23, 2023) (finding that claims were "not directed to improvements in computer functionality, but merely improvements in efficiency or speed by automating review of vehicle camera images and driver behavior that was previously accomplished via human review" and thus "insufficient to render the claims patent eligible").  Preventing the emitting of chirps, beeps, and ringtones *is* the abstract concept of suppressing notifications.  Thus, TJTM's own articulation of the claimed solution in the '853 Patent shows that the patent is invalid for claiming an abstract concept.[5]

At various points in its opposition, TJTM appears to suggest that Google's argument demonstrating that the claimed solution is directed to a longstanding or fundamental human practice is somehow legally incorrect.  Opp. at 4:28-5:3; 7:18-23.  This criteria is still part of the law; indeed, *Contour IP* even reiterates that test when it notes that defendant GoPro did not make that argument  *Contour IP*, 113 F.4th at 1380 ("Here, GoPro does not argue that a camera's recording two video streams in parallel and wirelessly transferring the lower quality video stream to a remote device for real time viewing and adjustment was a long-known or fundamental practice supporting patent ineligibility at *Alice* step one.").  Further, in a precedential decision issued a few days before *Contour IP*, the Federal Circuit reiterated that "[w]hether a claim is directed to a longstanding or fundamental human practice can inform whether a claim is abstract." *Broadband iTV*, 113 F.4th at 1367 (affirming summary judgment of patent subject matter ineligibility) (citing *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1372-73 (Fed. Cir. 2020); *Intell. Ventures I LLC*, 838 F.3d at 1314).  In addition, TJTM states that the expert declaration attached to the first amended complaint explained how the '853 Patent "performs a function that

---

[5] TJTM argues "[t]he Court will find very little difference between the generalized language of the claim at issue in *Contour* and the claim in the '853 patent." Opp. at 7:16-17.  TJTM appears to be admitting that the claim of the '853 patent is generalized, and therefore, proving Google's point that the claim lacks a specific technological means or innovation.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

8

45063\17089739

1  would be impractical for a human assistant to perform." Opp. at 4:7-8.  This admission that the
2  '853 Patent claims are directed to a function that *could be performed by a human* essentially
3  concedes that, at best, the '853 Patent merely automates something a human can do (shutting
4  down a phone), something that has been rejected as a patentable concept by numerous courts,
5  including this Court, as discussed above.  *See* Order at 10:15-20; *Bancorp Servs.*, 687 F.3d at
6  1279; *MySpace*, 672 F.3d at 1267; *OIP Technologies*, 788 F.3d at 1363; *Haley IP*, 2023 WL
7  7003265, at *4.

### 4. The '853 Patent Claims Do Not Contain an Inventive Concept under Step Two of *Alice*.

10  TJTM barely even addresses step two of the *Alice* test.  Unable to rebut Google's showing
11  that all of the claimed elements are generic, well-known, and conventional, TJTM resorts to just
12  repeating the abstract concept: "As recognized by the PTAB and the Examiner, one point of
13  novelty was pairing the mobile device with the vehicle and automatically putting it in inactive
14  mode which suppresses the notifications of the communications.  This was not anticipated by the
15  prior art." Opp. at 9:4-6 (citations omitted).  But as stated before, a patent cannot survive step two
16  of *Alice* merely by repeating the abstract concept.  *See Cisco Systems, Inc. v. Uniloc 2017 LLC*,
17  813 Fed. App'x 495, 499 (Fed. Cir. 2020); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759,
18  774 (Fed. Cir. 2019).  In addition, TJTM again improperly conflates novelty under 35 U.S.C.
19  §§ 102 and 103 with inventiveness under 35 U.S.C. § 101.  *See Angel Techs. Grp.*, 2024 WL
20  4212196, at *6 ("[Plaintiff's] arguments that the specification and file histories show an inventive
21  concept are similarly unavailing…. *Angel*'s arguments focus on how the claims were
22  distinguishable from prior art…, which is relevant for novelty and obviousness inquiries but in this
23  case does not undermine the reasons for patent ineligibility under § 101.").  Whether a patented
24  invention can be found in the prior art is irrelevant to whether the elements recited in the claim
25  such as the mobile phone, the wireless communication module, memory, and processor are
26  generic, well-known, and used in their conventional manner.  *See Haley IP*, 2023 WL 7003265, at
27  *5.  Lastly, TJTM vaguely alludes to having plead some facts to show the claim passes *Alice* step
28  two, but TJTM provides no citations.  Opp. at 9:9.  In sum, TJTM has fallen far short of showing

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

9

45063\17089739

the claims of the '853 Patent pass muster under step two of *Alice*.

### B. TJTM's Willfulness and Indirect Infringement Claims Should Be Dismissed With Prejudice.

TJTM's opposition fails to adequately address all the deficiencies Google identified in TJTM's indirect and willful infringement allegations. First, TJTM has not pled a plausible claim that Google knew of the '853 Patent, and this is *fatal* to TJTM's indirect and willful infringement claims. TJTM's opposition merely repeats the conclusory and baseless allegations that Google "had to know about the '853 Patent" when it allegedly removed the OFF MODE app and that Google learned of the '853 Patent through Unified Patents. Opp. at 11:6-23. But TJTM does not recite any *facts* to support these conclusory and speculative allegations.[6] Furthermore, TJTM's allegations are implausible. Knowledge of Plaintiff's technology does not mean Google knows of the '853 Patent. *See Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F. Supp. 3d 1088, 1098 (N.D. Cal. 2022). TJTM resorts to alleging that Unified Patents is an organization "made up principally of tech companies like Google," which falls far short of plausibly alleging that *Google* learned of the patent through Unified Patents. Lastly, TJTM does not even rebut Google's argument and case law that mere participation in the cell phone industry or the amount of Google's legal resources are insufficient to establish knowledge of the asserted patent.[7]

Second, TJTM's indirect and willful infringement claims should be dismissed because its allegations concerning direct infringement by another are also implausible. TJTM argues that Google makes Add Mode and Driving Mode available for download as apps from Google's websites and that Google provides instructions to the users. Opp. at 10:8-13; 10:28-11:3. However, TJTM does not identify the Google website where Add Mode and Driving Mode are available for download as apps or the website where the instructions are allegedly provided.

---

[6] TJTM concedes it does not have any facts and would need to conduct discovery to ascertain the facts. Opp. at 9:24-10:1. TJTM should not be permitted to conduct a "fishing expedition" in discovery merely based on fanciful, speculative allegations about indirect or willful infringement.

[7] In fact, TJTM does not distinguish any of the cases that Google cited in its opening motion demonstrating why TJTM's indirect and willful infringement allegations are insufficient.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

10

45063\17089739

1  Because the direct infringement theory is inadequately pled, the indirect infringement theory
2  should be dismissed as well.  *See AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133,
3  1143 (N.D. Cal. 2019).
4        Lastly, TJTM's indirect and willful infringement allegations should be dismissed because
5  TJTM has repeatedly failed to plead all the required elements of either claim.  For example, TJTM
6  has never stated whether Google is accused of inducing infringement by another under 35 U.S.C.
7  §271(b) or contributing to infringement by another under 35 U.S.C. §271(c).  Plaintiff has not pled
8  any plausible facts to allege that Google had the requisite specific intent to induce infringement or
9  that Google willfully infringed by acting despite knowing of an objectively high risk that it was
10 infringing.  *See Fluidigm Corp. v. IONpath, Inc.*, 2020 WL 408988, *3-4 (N.D. Cal. Jan. 24,
11 2020); *Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015).

12     **C.**    **Amendment Would Be Futile.**
13       TJTM's request to amend its complaint a second time should be denied.  TJTM asks for an
14 opportunity to "replead additional facts that specifically address [*Contour IP*]."  Opp. at 12:7-9.
15 But, as explained above, *Contour IP* did not change the *Alice* inquiry, and given the Court's prior
16 finding that amendment with respect to step one of *Alice* would be futile, amendment here remains
17 futile.

18 **III.**    **CONCLUSION**
19       For the foregoing reasons, Google respectfully requests that the Court dismiss TJTM's
20 amended complaint with prejudice.

22 Dated:  October 8, 2024                  FARELLA BRAUN + MARTEL LLP

24                                       By:    */s/ Winston Liaw*
                                                  Winston Liaw

25                                       Attorneys for Defendant GOOGLE LLC

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

DEFENDANT GOOGLE'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT- Case No. 3:24-cv-01232-TLT

11

45063\17089739