UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TJTM TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 24-cv-01232-TLT<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 43 |

Before the Court is Defendant Google LLC ("Google")'s motion to dismiss Plaintiff TJTM Technologies ("TJTM")'s First Amended Complaint. ECF 43 ("Mot."), 41 ("FAC"). In its motion, Defendant argues that the asserted claims of Plaintiff-owned U.S. Patent No. 8,958,853 ("'853 Patent") are invalid under Section 101 of Title 35 of the United States Code ("Section 101") and that Plaintiff has not plead facts sufficient to support its allegations of indirect and willful infringement.

In its previous order, the Court found the '853 Patent to be invalid, holding that the representative claim 1 of the '853 Patent was directed to a patent-ineligible abstract idea and was not an inventive concept. ECF 39 at 13. The Court granted leave to amend only to address the inventive concept. *Id.* at 12-13 ("[T]he Court finds that the request to amend has reached futility as to step [one] of the *Alice/Mayo* inquiry.").

The Court finds this matter appropriate for resolution without oral argument. *See* L. R. 7(1)(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute). Having carefully considered the parties' briefs, exhibits, relevant legal authority and for the reasons stated below, the Court **GRANTS** the motion to dismiss with prejudice.

## I. BACKGROUND

### A. Procedural Background

On February 29, 2024, Plaintiff filed a complaint asserting a single claim of patent infringement against Defendant. ECF 1. On August 20, 2024, the Court granted Defendant's motion to dismiss Plaintiff's complaint. ECF 39. The Court granted Plaintiff leave to amend. *Id.* at 12-13.

On September 3, 2024, Plaintiff filed its first amended complaint. *See* FAC. The FAC revised paragraph 15, added five paragraphs (paragraphs 22 to 26), and attached a letter from Mr. John M. Snell (Exhibit C). *See generally, id.* Defendant filed motion to dismiss. Mot. Plaintiff filed an opposition, and Defendant filed a reply. ECF 47 ("Opp'n"), 49 ("Reply").

### B. Factual Background

The factual background has not changed since the Court's previous order; however, the Court will restate it here for reference. Plaintiff is a California limited liability company with its principal place of business in San Mateo, California. FAC ¶ 9. Defendant is a limited liability company organized under the laws of the State of Delaware with principal place of business in Mountain View, California. *Id.* ¶ 10. In 2010, in response to a proliferation of accidents caused by distracted driving, Plaintiff developed the "OFF MODE" driving application. *Id.* ¶ 15-16. "OFF MODE" application allows users to block telephone calls, text messages, and other notifications while driving, gives them the option of issuing automated replies to senders or callers informing them that the driver is temporarily unavailable, and then provides a log of missed communications when "OFF MODE" is turned off. *Id.* ¶ 4, 18. Users still receive incoming messages but without the distracting pop-up notifications, pings, dings, vibrations, or other sounds. *Id.* ¶ 18. In 2013, Plaintiff hired a software engineer to build the "OFF MODE" application for the Android platform and in May 2013, the application was released to the public on Google Play. *Id.* ¶ 5, 19, 20.

On June 14, 2013, Plaintiff filed a provisional patent application. *Id.* ¶ 27. On February 9, 2014, Plaintiff filed a non-provisional, continuation of patent application. *Id.* ¶ 28. On February 17, 2015, United States Patent No. 8,958,853 for "Mobile Device Inactive Mode and Inactive Mode Verification" was issued. *Id.* ¶ 29. The '853 Patent contains one independent claim (*i.e.*, claim 1) and eight dependent claims (*i.e.*, claims 2 to 9). *See* ECF 41-1, Ex. A at 12:35-65, 13:1-30.

Claim 1 of the '853 Patent consists of eight claim limitations—referred to as [1a] – [1h]. *Id.* at 12:35-61. Claim 1 states:

> 1. A mobile device, comprising:
>
>> a wireless communication module;
>>
>> a processor, controlling the wireless communication module; and
>>
>> a memory controlled by the processor, the memory including instructions that when executed by the processor cause the processor to perform the steps of:
>>
>>> providing a graphical user interface through which a user customizes one or more functions of the mobile device when placed in an inactive mode;
>>>
>>> receiving a user selection to automatically initiate the inactive mode in response to the pairing of the mobile device with a vehicle;
>>>
>>> receiving a user selection of an away message to use when the mobile device is in inactive mode;
>>>
>>> in response to the pairing of the mobile device and the vehicle, automatically initiating a process to place the mobile device in inactive mode;
>>>
>>> when the mobile device is in inactive mode, in response to receiving a communication from the wireless communication module, transmitting the user selected away message via the wireless module and suppressing one or more sound, visual, or vibration communication cues that would have accompanied the communication had the mobile device not been in inactive mode.

*Id.*

Plaintiff alleges that after the filing date of the provisional patent application, Defendant began selling phones that contained "Driving Mode" feature in its messaging application. *Id.* ¶ 30. Plaintiff claims that "Driving Mode" causes the user's phone to stay silent and the screen to stay dark while the user is driving. *Id.* If someone sends a message, the sender receives an automatic reply letting them know that the user is temporarily unavailable. *Id.* The sender may type "urgent" to ensure that the user receives a notification. *Id.* Because of these features, Plaintiff alleges that Defendant's "Driving Mode" feature for its phones mirrors or constitutes the equivalent of the elements comprising the '853 Patent. *Id.*

Plaintiff further alleges that Defendant began selling phones containing an "Add Mode" feature which allows users to select do not disturb mode which automatically activates when connected to an automobile Bluetooth connection. *Id.* ¶ 31. Under "do not disturb" mode, users may cause their phones to stay silent while the user is driving, and to automatically send a selected message letting a sender know that the user is temporarily unavailable. *Id.* Because of these features, Plaintiff alleges that Defendant's "Add Mode" feature for its phones mirrors or constitutes the equivalent of the elements comprising the '853 Patent. *Id.*

Plaintiff alleges that Defendant knew of the '853 Patent when it released "Driving Mode" and "Add Mode", because Defendant removed the "OFF MODE" app from Google Play once Defendant had developed its own application for its phones. *Id.* ¶ 5. Plaintiff argues that Defendant knew of the '853 Patent because the '853 Patent was challenged at the Patent Trial and Appeal Board ("PTAB") by United Patents, Inc., a membership-based organization that Defendant is allegedly a member of. *Id.* ¶ 35. Plaintiff contends that Defendant learned of the '853 patent from Unified Patents at the time the proceeding was filed or after its unsuccessful conclusion. *Id.* ¶ 38.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). When reviewing a motion to

dismiss under Rule 12(b)(6), a court considers only the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

### B. Motion to Dismiss for Patent Eligibility Challenges Under 35 U.S.C. § 101

Patent eligibility under Section 101 is a threshold issue. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010). Although the inquiry may contain underlying issues of fact, patent eligibility is ultimately a question of law. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). Thus, the issue of patent eligibility under Section 101 may be resolved by way of a motion to dismiss. *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 765 (Fed. Cir. 2019). However, dismissal at this stage is appropriate "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Id.* (quoting *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018)).

## III. DISCUSSION

### A. Patent Eligibility

Under Section 101, patent-eligible subject matter includes "any new or useful process, machine, manufacture, or composition of matter, or any new or useful improvement thereof." *Bilski*, 561 U.S. at 601 (quoting 35 U.S.C. § 101). However, Section 101 "contains an important implicit exception: [l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. Ltd. V. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (quoting *Assoc. for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)).

To determine patent eligibility, the Supreme Court articulated a two-step analysis in *Mayo Collaborative Servs. v. Prometheus Lab'ys Inc.*, 566 U.S. 66 (2012) and further delineated in *Alice*, 573 U.S. at 217. In step one, the Court "determine[s] whether the claims at issue are directed to one of those patent-ineligible concepts." *Alice*, 571 U.S. at 217. This step focuses on "what the patent asserts to be the 'focus of the claimed advance over the prior art.'" *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1168 (Fed. Cir. 2019). If the claims are directed to a patent-ineligible concept, then moving to step two, the Court begins the "search for an 'inventive concept'—*i.e.,* an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to

significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, 571 U.S. at 217-218 (quoting *Mayo*, 566 U.S. at 72-73).

In its prior order, the Court found that claim 1 was representative of all the claims in the '853 Patent. ECF 39 at 6. Applying the *Alice/Mayo* framework, the Court found that under step one, claim 1 of the '853 Patent was directed to a patent-ineligible abstract idea of suppressing notifications. *Id.* at 10. The Court moved to step two and found that claim 1 of the '853 Patent also did not contain an inventive concept. *Id.* at 12. The Court granted Plaintiff leave to amend its complaint only to address the inventive concept. *Id.* at 13. Here, the Court will apply step two of the *Alice/Mayo* framework to determine if claim 1 of the '853 Patent contains an inventive concept.

### 1. Claim 1 of the '853 Patent is not an Inventive Concept.

In step two of the *Alice/Mayo* inquiry, courts search for an inventive concept "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 571 U.S. at 217-218 (quoting *Mayo*, 566 U.S. at 72-73) (internal quotations omitted). The inventive concept "must be significantly more than the abstract idea itself," *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016), "must be more than well-understood, routine, conventional activity," *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1262 (Fed. Cir. 2016), "and cannot simply be an instruction to implement or apply the abstract idea on a computer." *BASCOM*, 827 F.3d at 1349. "If a claim's only 'inventive concept' is the application of an abstract idea using conventional and well-understood techniques, the claim has not been transformed into a patent-eligible application of an abstract idea." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290-91 (Fed. Cir. 2018). However, the Federal Circuit has held that a "non-conventional and non-generic arrangement of known, conventional pieces" can amount to an inventive concept. *BASCOM*, 827 F.3d at 1350.

In contending that claim 1 of the '853 Patent is not an inventive concept, Defendant puts forth three arguments: (1) claim 1 merely recites generic components and steps, (2) the limitations of claim 1 are ordered in a conventional fashion, and (3) the amended complaint does not change the *Alice/Mayo* step two analysis.

Defendant first contends that each of the components recited in claim 1 of the '853 Patent are generic and well-known. The preamble of claim 1 only mentions a generic "mobile device" and provides no further inventive details about the device. Claim limitation [1a] recites "a wireless communication module" and does not provide any additional inventive details about this module.

As to limitation [1b], which adds a "processor," and limitation [1c], which recites a "memory," both elements have been recognized by courts as generic hardware limitations. *See In re Board of Trustees of Leland Stanford Junior University*, 991 F.3d 1245, 1252 (Fed. Cir. 2021). Limitation [1d] mentions a "graphical user interface" in a generic fashion. And to the extent limitations [1e] and [1g] are directed to the "inactive mode" itself, they are coextensive with the abstract idea of screening notifications, considered in step one of *Alice/Mayo* framework.

Limitation [1f], "a user selection of an away message to use . . .," is generic as it is deciding what to tell visitors while you are unavailable. Limitation [1h], which generally recites responding to an incoming communication by sending an "away message" and suppressing any user notification, is coextensive with the abstract idea of screening notifications. The specification of the '853 Patent adds nothing of inventive substance; the form and content of the "away message" can be customized by the user in a set of menus.

Defendant next argues that the limitations themselves are ordered in a conventional fashion, corresponding to the various actions performed in the same sequence to perform the abstract idea of screening notifications. For example, limitations [1d] and [1e] correspond to first deciding whether to screen notifications, limitation [1f] corresponds to next determining your "away" message, limitation [1g] corresponds to then screening the notifications, and finally limitation [1h] corresponds to displaying the away message instead.

Defendant finally argues that Plaintiff's amended complaint does not change the inventive concept analysis. Plaintiff first contends that its invention combines "five sequential steps" after the phone is paired with the vehicle. FAC ¶ 24. But Defendant counters that these steps track the abstract concept, and they are performed in the conventional order. Plaintiff also alleges that "[t]his automatic pairing and interaction with a vehicle is an improvement to the cellular phone itself and results in an improved machine from a technical standpoint." *Id*. But Defendant argues that

7

Plaintiff's alleged inventive concept remains coextensive with the abstract idea of screening notifications.

Defendant contends that Plaintiff's expert's declaration also does not establish an inventive concept. Plaintiff's expert concludes that three devices—the certification server, vehicle Bluetooth transmitter, and mobile device—"combined to form an innovative solution to the problem of distracted driving triggered by mobile devices." ECF 41-1, Ex. C at 3-5. Defendant argues that the claims in the '853 Patent are directed to the "mobile device" and not any purported combination of a mobile device and other devices like a certification server. The certification server is mentioned in claims 8 and 9, but it is merely the recipient of a transmission.

In their opposition, Plaintiff devote substantial briefing to the *Alice/Mayo* step one analysis, despite the Court indicating that amendment was futile. *See* ECF 39 at 12-13. For step two of the *Alice/Mayo* inquiry, Plaintiff argues that "one point of novelty was pairing the mobile device with the vehicle and automatically putting it in inactive mode which suppresses the notifications of the communications." Opp'n at 9. In its previous order, the Court rejected this argument, finding that this point of novelty was directed at the same abstract ideas as in the *Alice/Mayo* step one analysis. *See* ECF 39 at 11 (citing *Atos, LLC v. Allstate Ins. Co.*, No. 20-CV-06224, 2021 WL 6063963, at *9 (N.D. Ill. Dec. 22, 2021) (finding claims "directed to the abstract idea of detecting the motion or state of a vehicle and taking a corresponding action" to be patent-ineligible)).

Plaintiff does not counter Defendant's arguments that claim 1 of the '853 Patent recites generic components and steps. But Plaintiff's expert argues that claim 1 of the '853 Patent is distinguishable from the patent in *Atos* because the patent in *Atos* is directed at sensing vehicle status without using equipment within the vehicle or external networks. ECF 41-1, Ex. C at 6; *Atos,* 2021 WL 6063963, at *3. The patent in *Atos* used internal sensors of portable devices, such as smart phones, to observe a vehicle's movements. *Atos,* 2021 WL 6063963, at *3. In contrast, claim 1 of the '853 Patent combined a mobile device with a vehicle Bluetooth transmitter, GPS transmitters and a certification server. ECF 41-1, Ex. C at 7. Thus, Plaintiff asserts that, unlike the patent in *Atos*, the inventive concept here is the "non-conventional and non-generic arrangement of known, conventional pieces." *BASCOM*, 827 F.3d at 1350.

8

"To save a patent at [*Alice/Mayo*] step two, an inventive concept must be evident in the claims." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338 (Fed. Cir. 2017). From review of the claims, the Court agrees with Defendant that each of the components recited in claim 1 of the '853 Patent are generic and well-known. The limitations are ordered in a conventional fashion, corresponding to the various actions performed in the same sequence to perform the abstract idea of screening notifications. While Plaintiff argues that claim 1 of the '853 Patent is inventive because it combines the mobile device with a vehicle Bluetooth transmitter, GPS transmitters and a certification server, the claims themselves are directed at the mobile device and not a combination of devices. The Court finds that claim 1 of the '853 Patent does not contain an inventive concept under step two of the *Alice/Mayo* inquiry.

### B. Plaintiff's Indirect and Willful Infringement Claims

Defendant also argues that Plaintiff has not sufficiently alleged Defendant's pre-suit knowledge of the '853 Patent necessary to plead indirect and willful infringement. Because the Court finds that all the claims of the '853 Patent are invalid under 35 U.S.C. § 101, the Court need not address whether Plaintiff has sufficiently alleged indirect and willful infringement.

### IV. CONCLUSION

The Court previously granted leave to amend as to inventive concept. The Court again finds that Plaintiff has not plausibly alleged enough facts to survive a motion to dismiss its cause of action for patent infringement because representative claim 1 of the '853 Patent is (1) directed to a patent-ineligible abstract idea and (2) is not an inventive concept. Further amendment is futile. *Fomanin v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, Defendant's motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED** with prejudice.

This Order terminates ECF 43.

**IT IS SO ORDERED**.

Dated: October 21, 2024

TRINA L. THOMPSON
United States District Judge